GEORGE BLISH vs. ORLANDO W. HARLOW.

Service of a notice to quit by leaving it on the premises with the tenant's wife, the tenant, though absent at the time, being in the town and living on the premises, is sufficient.

Notice by a landlord to a tenant at will, paying rent monthly, that after a certain day the rent will be raised, and payable weekly, does not, unless assented to by the tenant, estop the landlord to terminate the tenancy by a month's notice to quit.

The right to maintain an action on the Rev. Sts. c. 104 is not defeated by the landlord's bringing actions to recover for the previous and subsequent use and occupation of the premises, and being paid for such use and occupation, nor by the subsequent termination of his estate in the premises.

ACTION on the Rev. Sts. c. 104. At the trial in the superior court of Suffolk at January term 1858, before Nash, J., there was evidence of the following facts:

In August 1856 the plaintiff leased the premises to the defendant at a yearly rent of $260, payable on the 20th of each month, which was paid till the 20th of December 1856. On the 6th of January 1857 the plaintiff gave the defendant notice in writing that if he continued to occupy the premises after the 6th of February next, his rent would be raised to seven dollars per week, payable weekly.

On the 20th of January 1857, the plaintiff caused a notice to quit on the 20th of February to be served on the defendant, by leaving it in the hands of the defendant's wife; she at the time being in the premises leased, and the defendant being away from the house, but not out of town, and living at home.

This process was commenced on the 21st of February 1857. On the same day the plaintiff brought an action for use and occupation from the 20th of December 1856 to the 20th of February 1857, and on the 21st of March a second action for use and occupation from the 21st of February to the 21st of March. The plaintiff became insolvent about the 1st of May, and his assignee in insolvency sued for rent and occupation from the 20th of March to the 1st of May, at which time the plaintiff's title to the premises determined. These suits the defendant settled by paying rent for the entire time. The plaintiff's as-

Blish *v.* Harlow.

signee took upon himself the prosecution of said suits, but did not take upon himself the prosecution of the present action until the trial, when, on the defendant's objecting that the action should not proceed in the plaintiff's name, but in that of his assignee, leave was granted to the assignee to come in and prosecute, if necessary.

The defendant requested the court to instruct the jury that the defendant's tenancy, after the receipt of the notice of January 6th, was not a tenancy at will, but under the terms of that notice; that the presumption was that he afterwards occupied under those terms, and the plaintiff was estopped to deny that the tenancy thenceforth was upon those terms; that there was no sufficient service of the notice to quit; and that the receipt of rent for use and occupation of the premises, for a time during which the defendant's tenancy was claimed to have been determined by the notice, at the same rate, and for the same monthly term, was evidence of a waiver of the notice, and a continuance of the tenancy.

But the court instructed the jury, that the service of the notice of January 6th did not terminate the old tenancy, and create a new tenancy according to the terms thereof, unless assented to or agreed to by the defendant; that it amounted at most to but a proposition on the plaintiff's part, and did not become a contract of tenancy until assented to by the defendant; that the mere continued occupation by the defendant after the service of that notice was not an assent to, or an acceptance of, said proposition; that there was no such presumption from defendant's occupation, and no such estoppel against the plaintiff as contended for; that the service of the notice to quit was sufficient; and that the present suit, having been commenced in due form, and on a legal cause of action, for the possession of certain premises, was not waived, released or discharged by the other actions above mentioned for the rent of the same premises. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*H. D. Hutchinson,* for the defendant.

*M. G. Cobb,* for the plaintiff.

DEWEY, J.*  1.  The service of the notice of the 20th of January was legal and sufficient.

2.  There was no want of authority in the plaintiff to give such notice by reason of the previous notice of the 6th of January: the proposition contained in that notice did not result in any contract for a certain term of occupation, but left the plaintiff, as before, at liberty to treat the defendant as a tenant at will, and the subject of any proper notice to quit the premises.

3.  In this state of the facts, the present action was properly commenced on the 21st of February, and may be maintained unless by subsequent events this right has been defeated.  It is said to have been so defeated by the institution by the plaintiff on the same 21st of February of an action to recover of the defendant for the use and occupation of the premises from the 20th of December 1856 to the date of the writ, and a second action for the subsequent month, and a further suit by the assignee of the plaintiff for the use and occupation to the 1st of May.  We do not perceive any ground for maintaining that these personal actions for the recovery for the use and occupation of the premises should bar this suit, being a process instituted to regain possession of the premises.  The ground for supporting this action was the want of any legal title in the defendant to continue his occupation, not a forfeiture for non-payment of rent; and that ground was not affected by the full payment of all past rents.  The ruling of the court that the present suit, having been commenced in due form and on a legal cause of action, was not defeated by the acts above stated, was correct.

4.  The objection taken in argument that the assignee of the plaintiff, appointed under our insolvent laws, could not properly be permitted to assume the action and prosecute it in his own name, was not raised at the trial or found in the exceptions. But, on the contrary, it appears that the assignee took upon himself the prosecution, upon the defendant's insisting that the suit could not proceed in the plaintiff's name, but in that of his

---

* SHAW, C. J. did not sit in this case.

assignee, whereupon leave was granted to the assignee to prosecute the same in his own name. It seems unnecessary to consider this point, but it may be remarked that the case of *Ferrin* v. *Kenney*, 10 Met. 294, is not like the present case. That was a case of an executor seeking to prosecute an action instituted by his testator. The rights of an executor are much more limited than those of an assignee of an insolvent debtor, who, under the *St.* 1838, *c.* 163, acquires the legal title to all the real as well as personal estate of the insolvent, and is authorized in very general terms to prosecute in his own name actions at law pending in the name of the insolvent.

5. The further objection taken at the argument, that the plaintiff's title terminated on the 1st of May 1857, furnishes no answer to the right of the plaintiff to maintain the action. That ground of defence was not specified in due season; for, being of the nature of a plea *puis darrein continuance*, it should have been made at the next succeeding term after it occurred. But further, it was not competent for the tenant to set up such defence, that pending this action the plaintiff's title had terminated. The relation of landlord and tenant subsisted, and the plaintiff had a legal cause of action at the time this process was commenced, and this was sufficient, and entitles the plaintiff to maintain his action against the tenant. Upon these points the case of *Coburn* v. *Palmer*, 8 Cush. 124, seems to be a direct authority. *Exceptions overruled.*