EDWARD STEESE & another, executors, *vs.* ROBERT JOHNSON.

Norfolk.     December 11, 1896. — February 26, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Forcible Entry and Detainer — Service of Notice.*

In an action on Pub. Sts. c. 175, to recover possession of premises occupied by the defendant under a lease, to whom a notice to quit for non-payment of rent is delivered for service to an officer, whose return recites that he left an attested copy of the notice at the defendant's last and usual place of abode, if the officer testifies that he went to the house occupied by the defendant, and, in response to his ringing of the door bell, a woman opened a window and asked him what he wanted, to which he replied that he had a notice for the defendant, and she said she would give it to him, and he then handed her a copy of the notice given him to serve, the jury will be justified in finding that the woman was the wife or servant of the defendant; and, if she was either, this constitutes a sufficient service.

ACTION on Pub. Sts. c. 175, to recover possession of certain premises in Brookline.

At the trial in the Superior Court, on appeal, before *Blodgett*, J., the plaintiffs offered evidence which tended to show that on June 7, 1895, the defendant was in occupation of the premises in question, as the tenant of the plaintiffs under a written lease, and was then owing them several months' rent which had accrued under the lease; and that on that day a notice to

quit for non-payment of rent, signed in behalf of the plaintiffs by their attorney, was delivered to W. Y. Gross, a constable of Brookline, to serve on the defendant. The notice and the officer's return thereon were put in evidence by the plaintiffs. The return recited that he " served a true attested copy of this notice on the within named Robert Johnson, by leaving the same at his last and usual place of abode."

Gross was not present in court as a witness, but the following written agreement, signed by the attorneys for the plaintiffs and the defendant, was put in by the plaintiffs with the defendant's consent:

" It is hereby agreed that Willard Y. Gross, if present, would testify, if competent, that he is a constable residing in the town of Brookline; that on June 7, 1895, early in the evening, he went to a certain house on Waverly Street, Brookline, which it is agreed was the house of which plaintiffs seek to recover possession in this action; that said house was occupied by Robert Johnson; that he rang the bell, and that, in response thereto, a lady with a little child came to a window beside the door, and opened the window; that the lady asked him what he wanted, and he said he had a notice for Mr. Johnson; that she said she would give it to him, and he then handed her a true copy by him attested of the notice which the plaintiffs have offered in evidence; that he had seen Mrs. Johnson once before, and thinks this lady was Mrs. Johnson, but that it was about dusk when he went to the house, and he could not swear positively that the lady was Mrs. Johnson."

No other evidence whatever was introduced in respect to the service of the notice.

The judge instructed the jury that, upon the foregoing evidence, they would be warranted in finding that the officer delivered the notice either to the wife of the defendant or his servant, and that, if they were satisfied that he delivered it to either, this would be a good and sufficient service; and the defendant excepted.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*J. W. Pickering,* for the defendant, submitted the case on a brief.

*W. H. White,* for the plaintiffs.

MORTON, J.   There was evidence that the notice was served by leaving an attested copy with some one on the demised premises, which were occupied by the defendant.   In such a case it is well settled that, if the person to whom the notice was given was the wife or servant of the defendant, the service was sufficient on the ground that that fact would furnish presumptive evidence that the defendant received the notice.   *Walker* v. *Sharpe*, 103 Mass. 154.   *Grundy* v. *Martin*, 143 Mass. 279.   *Jones* v. *Marsh*, 4 T. R. 464.   We think that there was evidence on which the jury were justified in finding that the woman to whom the notice was given was the wife or servant of the defendant.   It also appears from the officer's return on the notice that it was served by leaving an attested copy at the defendant's last and usual place of abode, that is, at his dwelling-house.   In such a case it is likewise settled that giving the notice to the defendant's wife or servant constitutes a sufficient service.   2 Greenl. Ev. § 324.                              *Exceptions overruled.*