Morris Jasper & another *vs.* Morris J. Price & others.

Worcester.   September 27, 1927. — October 14, 1927.

Present: Braley, Crosby, Pierce, Carroll, & Wait, JJ.

*Equity Jurisdiction,* To relieve from fraud, Rescission, Laches.   *Laches.*
*Evidence,* Inference.   *Equity Pleading and Practice,* Bill.

Allegations in a bill in equity by a man and his wife against four defendants
were in substance as follows: the first plaintiff and a third person owned
a certain parcel of real estate, and the first two defendants owned
another.   The respective owners, with full knowledge of the double
employment, employed the third defendant to bring about an exchange
of the premises.   Contracts in writing for the exchange were made
which provided that the title to land to be conveyed to the plaintiff and
his associate might be conveyed to the name of the plaintiff's wife, the
second plaintiff, who should execute a certain mortgage required by the
contracts.   The necessary deeds of exchange and the mortgage and
mortgage note were delivered, and the plaintiff's associate conveyed to
him all his interest.   To bring about the exchange, the first two de-
fendants knowingly made certain material false representations of fact,
which the plaintiff and his associate relied on, believing them to be true.
The third defendant made a secret agreement with the first two de-
fendants resulting in an advance of the price to be paid by the plaintiff
and his associate, and a secret profit to the third defendant, the con-
veyance by the first and second defendants to the third defendant of
the mortgage and mortgage note given by the plaintiff's wife, and the
conveyance of the property received by the two defendants in exchange
to the fourth defendant, who held it for the third defendant and knew
of the fraudulent agreement.   Neither of the plaintiffs nor their asso-
ciate knew of the agreement.   The plaintiffs offered to redeliver what
they had received by the exchange and sought return of what they had
given.   The defendants demurred.   *Held,* that
   (1) The bill showed grounds for equitable relief in the nature of a
rescission of the transaction, a reconveyance of the respective parcels
of land and an accounting between the parties;
   (2) The mere fact that the title to the defendant's property was
conveyed to the plaintiff's wife was not controlling, there being nothing
in the bill to justify an inference that the title to the property, or the
property itself, was not in substantially the same state or condition as
it was in when the title vested in the plaintiff's wife, and there being
every presumption in favor of its having continued in that condition;
   (3) A mere delay of nine months before bringing the bill, in the
absence of evidence of a change in the situation of the defendants, or
in the condition of the property to the harm of the defendants, did not
as a matter of law require a finding that it was so unreasonable that the

plaintiffs should be held on demurrer to have lost any claim to equitable relief for the harm which had come to them from the fraud of the defendants;

(4) The plaintiffs did not have a plain, adequate and complete remedy at law;

(5) The bill was not multifarious.

BILL IN EQUITY, filed in the Superior Court on March 2, 1927, by Morris Jasper and Sarah Jasper against Morris J. Price, Samuel Grace, Harry Rosenberg and Nathan Day, and described in the opinion.

The defendants demurred on the grounds stated in the opinion. The demurrers were heard by *Lummus,* J., and were sustained. The plaintiffs appealed.

*T. H. Sullivan,* for the plaintiffs.

*J. W. Burke,* for the defendants.

PIERCE, J. This is an appeal by the plaintiffs from a decree sustaining the demurrers, alike in assignments of reasons, of the several defendants. The reasons assigned were as follows:

"1. That the plaintiffs have not stated such a case as entitle them to any relief in equity against the said defendant Harry Rosenberg.

"2. That the plaintiffs have a plain, adequate and complete remedy at law.

"3. That the plaintiffs' bill of complaint is multifarious because the defendant herein is joined in the bill with other persons named as defendants for distinct matters and causes, in several whereof, as appears by the said bill, this defendant is not in any manner interested or concerned.

"4. That the plaintiffs are guilty of laches, as appears by their bill of complaint, in that they have had full knowledge of the matters and things therein complained of for a long time, to wit, nine months, before filing the said bill; that during all that time the plaintiffs have remained silent as to the matters and things now complained of in said bill, and no sufficient reason for the said delay appears to be stated therein."

The effect of the several demurrers is that the facts well pleaded in the bill of complaint are to be taken as true. The

material facts alleged in the bill of complaint in substance are as follows: In May, 1926, the plaintiff Morris Jasper and one Simon G. Friedman were the owners of land numbered 3 Chapin Street, in the city of Worcester; and the defendants Morris J. Price and Samuel Grace were the owners of a tract of land located at the corner of Newbury Street and Pleasant Street in said city. At that time the defendant Harry Rosenberg was employed by Morris Jasper and Simon G. Friedman, and was also employed, as Jasper and Friedman understood, by Price and Grace to bring about an exchange of their respective properties.

On May 17, 1926, Morris Jasper and Simon G. Friedman made a contract in writing with the defendants Price and Grace for the exchange of the parcels of land owned by the parties respectively. This contract provided for the terms of the exchange, which need not be here stated, and contained the following stipulation: "It is agreed that the party of the second part [Jasper and Friedman] may designate Sarah Jasper, wife of Morris Jasper, to be the grantee in the deed to be given by the party of the first part if they so choose and may designate the said Sarah Jasper to give the mortgage to the party of the first part that is to be given by the terms of this agreement on the Pleasant Street property and hereinafter referred to." Jasper and Friedman conveyed the premises owned by them on Chapin Street to the defendants Price and Grace, and these defendants conveyed the premises owned by them to Sarah Jasper, who was designated by the plaintiffs to be the grantee in the deed to be given by Price and Grace. Simultaneously with the delivery of the respective deeds Sarah Jasper, made, executed, and delivered to the defendants Price and Grace a note in the sum of $4,633, secured by a third mortgage on the premises conveyed to her. On the day of the conveyance of the parcels, Friedman, having an undivided half interest in the Chapin Street property, assigned to Morris Jasper and Sarah Jasper all his right, title and interest in that property, and all his right, title and interest in and to the said contract, and executed jointly with Morris Jasper the deed conveying the Chapin Street premises.

In the course of the negotiations which resulted in the written agreement, the defendants Price and Grace falsely and fraudulently represented to Morris Jasper and Simon G. Friedman that the respective lessees (referred to in the contract) were paying the rent stipulated in the leases held by them and in accordance with the terms of the said leases. This representation was not true, in that one of the tenants did not pay the rent mentioned in the lease held by him in conformity with the terms thereof, and two of the lessees had informed Price and Grace that they were respectively unable to pay the rent provided for in their respective leases. Jasper and Friedman entered into and completed negotiations for the exchange of the respective premises relying upon and believing the representation and statements to be true.

While the defendant Rosenberg was acting to the knowledge of Price and Grace as the common agent of all parties to the negotiations, and before the execution of the contract of exchange, Price and Grace secretly agreed with Rosenberg that he should buy and they should sell the premises owned by them and subsequently exchanged for the premises of Jasper and Friedman at a much lower price than the said Jasper and Friedman were informed by Rosenberg the premises could be purchased for, and at a much lower price than Jasper and Friedman actually paid for said premises in accordance with the terms of the said contract in writing. The defendants Price and Grace agreed with Rosenberg to convey the premises to Jasper and Friedman at an advance and increase above the price to be paid to them by Rosenberg, and thereby and in consequence thereof the defendant Rosenberg made a secret profit in excess of the sum paid by him to Price and Grace on the completion of the contract. Subsequently Price and Grace carried out their secret understanding and agreement with Rosenberg, and in pursuance thereof executed and delivered to him an assignment of the mortgage which the plaintiff Sarah Jasper gave to Price and Grace, and made and executed a deed of the Chapin Street property to the defendant Nathan Day. At the filing of the bill of complaint the title to the Chapin Street property was in Day, who held the title for Rosenberg, and knew of the

agreement between Rosenberg, Price and Grace, "founded on a contract in violation of the duty of the said defendant Harry Rosenberg to his employer and in fraud of the rights of his principals." At the time the contract for the exchange of the properties was executed and the terms of the same completed, it was not known by Morris Jasper, nor Sarah Jasper, nor Friedman that Rosenberg had secretly purchased the premises on Newbury Street and Pleasant Street for an amount much less than the price mentioned in the contract to be paid for those premises, nor did they know of the agreement above referred to until after the terms of the contract were carried out.

The prayer numbered "Third" of the bill is as follows: "That this Honorable Court will adjudge, order and decree that said sale and conveyance to the plaintiff Sarah Jasper, and the said sale and conveyance to the defendants, Morris J. Price and Samuel Grace, and that said sale and conveyance to the said defendant Nathan Day from the said defendants Morris J. Price and Samuel Grace, and the assignment and transfer of the mortgage and note given, by the said Sarah Jasper to the said defendants, Morris J. Price and Samuel Grace, from the said defendants Morris J. Price and Samuel Grace to the said defendant Harry Rosenberg and the entire transaction to be null and void and that the same be rescinded; that an accounting between the plaintiffs and the defendants hereto be ordered and that the defendant Nathan Day and the defendant Harry Rosenberg be ordered to reconvey to the said Morris Jasper said Chapin Street premises and that thereupon the plaintiff Sarah Jasper reconvey and cause to be reconveyed the said Pleasant Street premises to such party as this Honorable Court may decree, the said plaintiffs being ready and willing and hereby offering so to do, and that said note and mortgage given by the said plaintiff Sarah Jasper to be thereupon cancelled and delivered up to the said plaintiff, Sarah Jasper. That the said plaintiffs may have such other and further relief in the premises as shall seem just and proper in equity."

Assuming at the hearing on the merits that the title to the Chapin Street property is in Price and Grace and the title

to the Newbury Street and Pleasant Street property is in Morris Jasper, or Morris Jasper and Simon G. Friedman, the alleged misrepresentation of fact made by Price and Grace and relied upon by Jasper and Friedman would, if proved, justify a decree for rescission of the contract, an order for the reconveyance of the respective parcels of land, and for an accounting between the parties to the completed transaction. There is nothing unusual in such a situation and the remedy of equitable rescission is available in equity to the party aggrieved. In the case before this court the question for decision is, whether that remedy is lost by reason of the fact that the legal title to the Newbury Street and Pleasant Street property was by the terms of the agreement taken in the name of Sarah Jasper, wife of Morris Jasper; and by the further fact that she gave her note secured by a mortgage on the premises conveyed to her by Price and Grace as a part of the consideration for that conveyance.

Sarah Jasper is a party to the bill of complaint and as such offers to convey the title which she holds to such party as the court may decree. There is nothing in the bill of complaint to justify an inference that the title to the property or that the property itself is not in substantially the same state or condition as it was when the title vested in Sarah Jasper, and there is every presumption in favor of such continuance. The mere delay of nine months before bringing the bill is not, in the absence of evidence of a change in the situation of the defendants or in the condition of the property to the harm of the defendants, conclusive that the delay was so unreasonable that the plaintiffs should be held on demurrer to have lost any claim to equitable relief for the harm which has come to them from the fraud of the defendants.

The decrees sustaining the several demurrers are reversed; the case is to stand for answer and hearing on the merits.

*Decree accordingly.*