SARAH ASHKENAZY *vs.* DANIEL P. O'NEILL & another.

Essex.     March 7, 1929. — May 27, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Landlord and Tenant,* Surrender, Tenancy at will, Notice to quit.

A lease in writing specified an apartment of a certain character on the third floor of a building. There was no apartment of that character on that floor. Subsequent to the date of the lease, but previous to its execution, the parties orally agreed that the lessee should occupy an apartment on the second floor, and the lessee thereupon took possession of and occupied that apartment without having occupied any apartment on the third floor. *Held,* that the oral agreement constituted a surrender of the apartment described in the lease; the lessee became a tenant at will of the apartment on the second floor.

A notice, signed by a tenant at will from week to week in an apartment house, dated on a rent day, addressed to the landlord, who lived in the same house, and stating, "You are hereby notified that . . . [I] shall on . . . [the next rent day] quit and deliver up the premises now held by . . . [me] as your tenant," was adequate in form; and, if delivered to the husband of the landlord, was sufficient to terminate the tenancy.

CONTRACT. Writ in the District Court of Southern Essex dated September 6, 1924.

Upon removal to the Superior Court, the action was tried before *Quinn,* J. In addition to the evidence stated in the opinion, there was evidence that the plaintiff lived in the apartment on the first floor of the plaintiff's building; that the defendants occupied the apartment on the second floor until about July 2, 1924, when they vacated, having paid their rent regularly in advance up to and including the week ending July 7, 1924; and that the notice referred to in the opinion was given to the plaintiff's husband. That notice was as follows: "June 30, 1924, Sarah

Ashkenazy, 53 Commercial St., Lynn, Mass., Dear Madam:
— You are hereby notified that we shall on the 7th day of
July 1924, quit and deliver up the premises now held by
us as your tenant at No. 53 Commercial St., Lynn, Mass.,
Signed Daniel P. O'Neill and Annie O'Neill." At the close
of the evidence the judge ordered a verdict for the plaintiff
in the sum of $97.43, and the defendants alleged exceptions.

*P. A. Kiely,* for the defendants.

No argument nor brief for the plaintiff.

CROSBY, J. This is an action of contract for the use and
occupation of certain premises. G. L. c. 231, § 7, Eighth.
At the conclusion of the evidence the trial judge directed a
verdict for the plaintiff, subject to the defendants' exception.

The plaintiff was the owner of an apartment house con-
sisting of five apartments; one on the first floor; two on the
second floor, one with three rooms, and the other with four,
and both having kitchenette and bath; and two apartments
on the third floor, each consisting of three rooms, kitchenette
and bath. On November 11, 1923, the defendants paid the
plaintiff for one week's rent to begin November 13, 1923,
for an apartment on the third floor; the defendants never
occupied that apartment, but on November 17, 1923, they
took possession of an apartment on the second floor.

The parties on November 19, 1923, signed a lease in
writing and under seal dated November 13 wherein a rent
of $15 a week was provided for and the leased premises
were described as "four rooms and kitchenette and bath on
the third floor, right of the house . . . ." There was no
apartment of four rooms and kitchenette and bath on the
third floor. After the date of the lease but before it was
executed, and without the defendants ever having occupied
the apartment therein described, the plaintiff agreed that
the defendants would take the apartment of four rooms on
the second floor instead of the apartment on the third floor.
This agreement amounted to a surrender of the premises
described in the lease, and the substitution of the apartment
on the second floor; the occupancy by the defendants of
the latter was as tenants at will. The notice to terminate
the tenancy offered in evidence was adequate in form for

that purpose. G. L. c. 186, § 12. If it was proved that the notice was seasonably delivered to the plaintiff's husband, that was sufficient service thereof; it was not required that it be served upon the plaintiff personally. Delivery of such a notice to the wife of a person is sufficient "on the ground that that fact would furnish presumptive evidence that the defendant received the notice." *Steese* v. *Johnson,* 168 Mass. 17, 19. *Walker* v. *Sharpe,* 103 Mass. 154. These cases in principle are pertinent to the case at bar. If the defendants on June 30, 1924, occupied the apartment on the second floor as tenants at will, and on that day served written notice on the plaintiff that they would vacate the premises on July 7, 1924, and the rent was paid to that date, nothing would be due the plaintiff. The written notice should have been admitted. The exception to its exclusion and the exception to the direction of a verdict for the plaintiff must be sustained.

*So ordered.*