DAVID SELIG & another *vs.* FLORENCE McCARTHY.

Worcester. September 26, 1932. — November 28, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Landlord and Tenant,* Notice to quit. *Time.*

Where a tenant at will under an agreement requiring the payment of
rent monthly on the first day of each month in arrears, in a March
when the first day fell on a Lord's day paid the rent for February on
March 2 and at the same time gave to the landlord a notice in writing
dated on that day and stating his intention to vacate the premises
"within thirty days of the date of said notice," such notice by reason
of the provisions of G. L. (Ter. Ed.) c. 4, § 9, and of G. L. (Ter. Ed.)
c. 186, § 12, was sufficient to terminate the tenancy on April 1, so that
the tenant was not liable for rent for the month of April.

CONTRACT. Writ in the Central District Court of
Worcester dated May 8, 1931.

The action was heard in the District Court upon an
agreed statement of facts by *Asher, J.,* who refused certain
requests of the plaintiffs for rulings, found for the defend-
ant, and reported the action to the Appellate Division for
the Western District. The report was ordered dismissed.
The plaintiffs appealed.

*M. Cohan,* for the plaintiffs.

No argument nor brief for the defendant.

DONAHUE, J. The plaintiffs, who were the owners of
premises which had been occupied by the defendant as
tenant at will, have brought suit to recover $28 as rent for
the month of April, 1931. The case was tried on an agreed
statement of facts before a judge of the District Court.
He denied certain of the plaintiffs' requests for rulings and
reported his action for the determination of the Appellate
Division which entered the order "Report Dismissed."
The plaintiffs appealed from that order to this court.

Under the contract of letting the rent was due and pay-
able on the first day of each month, in arrears. The first
day of March in 1931 fell on a Sunday. But for that fact

March 1 would have been the day for the payment of the February rent. By reason of the statute G. L. (Ter. Ed.) c. 4, § 9, the defendant's act of payment of the February rent, not being "specifically authorized or required to be performed on Sunday," was properly performed on Monday, March 2, the next succeeding business day. On March 2 the defendant paid the February rent and at the same time tendered to the plaintiffs a written notice, dated on that day, of his intention to vacate the premises "within thirty days of the date of said notice." The defendant did vacate the premises within that period and it is not disputed that he paid the March rent. The only question presented for decision is whether the defendant's notice of his intention to terminate the tenancy was seasonably given in accordance with the requirements of G. L. (Ter. Ed.) c. 186, § 12, which provides that "the time of such notice shall be sufficient if it is equal to the interval between the days of payment" of rent. The statute has been construed as requiring that the notice shall fix as the time for the termination of a tenancy a day on which rent is payable, *Prescott* v. *Elm*, 7 Cush. 346, *Walker* v. *Sharpe*, 14 Allen, 43, but the day or date of such termination need not be named in the notice; it is enough if it is designated correctly in general terms. *Sanford* v. *Harvey*, 11 Cush. 93, 96. The notice given by the defendant sufficiently designated a rent day as the time of termination of the tenancy.

Since by force of the statute G. L. (Ter. Ed.) c. 4, § 9, the day for payment of the February rent became March 2 instead of March 1, the defendant's notice given on that payment day of intention to terminate his tenancy on the next payment day (which would be April 1) was sufficient. The "time of such notice" was "equal to the interval between the days of payment" within the natural and ordinary meaning of those words in the statute, G. L. (Ter. Ed.) c. 186, § 12. Furthermore the application of the statute G. L. (Ter. Ed.) c. 4, § 9, is not limited to the act of making a money payment. "Except as otherwise provided, when the day or the last day for the performance of any act . . . authorized or required by statute or by

contract, falls on Sunday . . . the act may, unless it is specifically authorized or required to be performed on Sunday . . . be performed on the next succeeding business day." The last day for the performance by the defendant of the act of giving notice of intention to terminate his tenancy, which is an act authorized and required by the statute G. L. (Ter. Ed.) c. 186, § 12, was by the contract of letting March 1. *Walker* v. *Sharpe*, 14 Allen, 43. *Means* v. *Cotton*, 225 Mass. 313. That day in 1931 falling on a Sunday, the act of giving notice by the express terms of G. L. (Ter. Ed.) c. 4, § 9, might be performed on March 2, since the statute requiring notice (G. L. [Ter. Ed.] c. 186, § 12), does not "specifically" authorize or require the act of giving notice to be performed on Sunday.

There was no error in the refusal of the trial judge to grant the plaintiffs' requests for rulings that on all the facts, on the law, on all the evidence the plaintiffs were entitled to recover, that the defendant did not give notice in accordance with G. L. (Ter. Ed.) c. 186, § 12, or that the notice given on March 2 was not a proper notice.

*Order dismissing report affirmed.*