Sullivan, J.
Action of contract for use and occupation of premises after September 1, 1939. The sole issue is the sufficiency of a notice to quit given by the tenant.
The defendant was a tenant at will paying thirty dollars a month rent payable on the first day of the month in advance. On the 26th day of July, 1939, the defendant mailed to the plaintiff a notice that the defendant was to vacate the premises “on Sept. 1, 1939”.
The following rulings, requested by the plaintiff, were denied:
“1. The evidence warrants a finding for the plaintiff.
“2. If a particular day is named in a notice as the day on which premises will be delivered up, it must be the last day of a rental period, and not the succeeding day.
“3. If the court finds that the defendant’s rent to the plaintiff was payable in advance on the first day of *88 the month, then the court must rule that a notice to terminate the tenancy between the plaintiff and the defendant, if it names a particular day, should name the last day of a rental period and not the succeeding day.
“4. As a matter of law, the court must find that the defendant did not give to the plaintiff a proper notice to terminate the tenancy between the parties.
“5. There is not sufficient evidence to warrant a finding that the defendant gave to the plaintiff a proper notice to terminate the tenancy between the parties or that the plaintiff waived such notice.”
The defendant admitted owing the plaintiff fifteen dollars for rent due before September 1st. There was a finding for the plaintiff in the amount of fifteen dollars, the trial judge ruling that the notice to quit was a proper notice. The report contains all the evidence material to the questions reported.
The pertinent law in the case is to be found in G. L. (Ter. Ed.) C. 186', Section 12, and the cases construing that section. The material part of that section reads as follows:
“Estates at will may be determined by either party by three month’s notice in writing for that purpose given to the other party; and if the rent reserved is payable at periods of less than three months the time of such notice shall be sufficient if it is equal to the interval between the days of payment; * *
It was early held that a notice to quit, to comply with this statute, must expire in a month from the day on which the rent becomes payable, and that a notice which breaks into the month and expires on an intermediate day is invalid and insufficient. It was also held that the notice must fix as the time for the termination of a tenancy a day on which rent is payable. Prescott v. Elm, 7 Cush. 346, at 348. San *89 ford v. Harvey, 11 Cush. 93, at 95. This last interpretation of the statute is cited as a fundamental principle of the law relating to notices to quit in later cases. Walker v. Sharpe, 14 Allen 43, at 46. Selig v. McCarthy, 281 Mass. 106, at 107.
The plaintiff’s principal contention, however, is that, in this case, the rent being payable on the first of the month in advance, for the tenant to retain possession until the first of the next month is to allow him to break into that month; that consequently the defendant’s notice, to be sufficient, should specify as the day for vacating the premises the last day of the month for which the rent had been paid. This brings the issue down to the single question whether when rent is paid in advance on the first day of the month, it is necessary to describe as the day for leaving the premises the last day of the month, the day before the next rent is payable. In the instant case there is no question about the sufficiency of the time included in the notice as it was given on the 26th of July and received on the 27th, thus creating a period in excess of the interval between rent days. An excess of time over the interval between rent days does not invalidate a notice. Mentzer v. Hudson Savings Bank, 197 Mass. 325 at 330.
Following the decision of Prescott v. Elm, 7 Cush. 346, difficulties arose in the application of the principles of interpretation there enunciated. In Sanford v. Harvey, 11 Cush. 93, the court held, at page 96, that a notice was good which designated a day for terminating the tenancy which would be “one month from the day when the rent should next become due”. In Bay State Bank v. Kiley, 14 Gray 492, there is an error in the court’s opinion regarding the day that notice was given which confuses the situation, but the court does definitely say, on page 494, “The presiding *90 judge properly ruled that if the monthly term began on the first day of the month, it would end on the last and so the notice on the face of it was bad”. In the statement of the facts preceding the opinion, the notice is described as dated May 1st, and the termination of the tenancy is specified as “one month from this date”. This case is cited only twice in the Massachusetts Reports, once in Walker v. Sharpe, to be referred to, and again in Hammond v. Thompson, 168 Mass. 531 at 532, where it appears as authority for the proposition that rent may accrue on one day but not be payable until the next day.
In Walker v. Sharpe, 14 Allen 43, the court had to deal with a situation where the rent did accrue on one day and was payable the next. The tenant, who paid his rent on the first of the month, received a notice to quit dated August 1st, the termination of the tenancy being stated as September 1st.
The court said, on page 45,
“But the agent of the landlord testified that the rent paid on the first day of each month was in full of rent only for the preceding month. Upon this the presiding judge ruled that ‘if the monthly terms began on the first day of each month, then the notice was insufficient to determine the tenancy, as the tenant had already commenced upon a new month at the time named for the expiration of the notice.’ This is a point which has not before been ruled upon under the statute.”
The lower court ruled that the notice was insufficient and the tenant excepted. In sustaining the exceptions, the Supreme Judicial court said further, at page 46,
“If we sustain the ruling of the court in this case, we must hold that there ought to have been a notice to *91 quit on the day before the rent day, and served at some time prior to the preceding rent day. Adhering to the decisions above cited, and to the words of the statute as construed by those decisions, we must hold that the notice must terminate on a day when rent is payable; and it will then follow that the notice will not be sufficient in such a case as this, though it is equal to the interval between the days of payment, but must be at least one day longer than the interval. This would be directly contrary to the statute. We do not feel at liberty to carry the construction of the statute to such a length.
“It is to be considered that the object of the statute was to fix an arbitrary rule for the determination of estates at will by written notice. Its language is plain. For the reasons stated in the cases above cited, the court held that such notices must terminate on a day when rent was payable. There is no sound reason for going further, and holding that in some cases the notices must be given for a greater length of time than the statute requires. Nor would there be any good reason for modifying the decision already made, and in holding that in cases like the present the notice should terminate on the day before the rent day. It would tend to introduce more uncertainty into the subject than now exists. It is sufficiently difficult already to give a valid notice, yet it is a point as to which there should be as much clearness and certainty as possible.”
Walker v. Sharpe, has been regarded generally as settling the law on this point. It is cited as authority to that effect in Ashkenazy v. O’Neill, 267 Mass. 143, at 145, and in Selig v. McCarthy, 281 Mass. 106 at 107. Since it was decided, there have been two decisions on this point in which the rent was payable in advance and the notice was given on a rent day, the time for terminating the tenancy being designated as the following rent day. In each case the notice was held sufficient. One of these cases is Clark *92 v. Keliher, 107 Mass. 406, in which the notice was given June 7th the tenancy to end July 7th. The other was Ashkenazy v. O’Neill, 267 Mass. 143, where the notice was given June 30th to become effective July 7th. It has been pointed out that there are no decisions citing Bay State Bank v. Kiley, 14 Gray 492, to the contrary.
The reasoning in Walker v. Sharpe is the best answer to the plaintiff’s contention. To get up a special practice for the termination of tenancies where the rent is payable in advance would mean the giving of a longer notice than the statute requires unless the interpretation given the statute by the early cases is to be abandoned. The result of such an interpretation as the plaintiff contends for would be to cause confusion and uncertainty the condition which the statute was intended to correct.
There was no prejudicial error in the disposition of the rulings requested by the plaintiff. The report is to be dismissed.