HANNAH M. CONNORS *vs.* GEORGE WICK.

Suffolk.    December 8, 1944. — February 5, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & SPALDING, JJ.

*Landlord and Tenant*, Landlord's title, Termination of tenancy, Notice, Tenancy at will, Rent. *Notice. Error*, Whether error harmful. *Practice, Civil*, Ordering verdict; Exceptions: whether error harmful.

Summary process under G. L. (Ter. Ed.) c. 239, § 1, as amended, might be maintained to recover possession of premises occupied by the defendant as a tenant at will of the plaintiff although the record title to the premises was held by another as a straw for the plaintiff.

An exception to the granting of a motion for the direction of a verdict was overruled, although a ground stated by the trial judge for its allowance was improper, where the moving party was not required to specify the reasons upon which the motion was based and the record disclosed another ground, not raised at the trial, on which it should have been granted.

Compliance by a landlord with G. L. (Ter. Ed.) c. 186, § 12, in attempt-
ing to terminate a tenancy at will of a tenant paying rent monthly
was not shown where there was no evidence showing what day of the
month was rent day and the evidence was merely that rent had been
paid for August in a certain year and that a notice, dated August 31,
and served on the defendant on September 1 of that year, directed
him to quit the premises "at the expiration of that month (Septem-
ber) of your tenancy which shall begin next after this date."

It seems, in the absence of proof of an agreement or custom otherwise,
that the rent day for rent payable monthly under a tenancy at will
would be the last day of the month.

SUMMARY PROCESS.    Writ in the Municipal Court of the
Dorchester District dated October 2, 1943.

On appeal to the Superior Court, the case was tried before
*Dillon*, J.

*M. Caro*, for the plaintiff.

No argument nor brief for the defendant.

RONAN, J.    This is an action under G. L. (Ter. Ed.)
c. 239, § 1, as amended by St. 1941, c. 242, § 1, to recover
possession of certain premises which the defendant occu-
pied as a tenant at will of the plaintiff.    There was evi-
dence that the rent, which was paid monthly, had been
paid for August, 1943; and that a notice dated August 31,
1943, to quit and deliver up the premises, which were ade-
quately described, "at the expiration of that month (Sep-
tember) of your tenancy which shall begin next after this
date," was served upon the defendant on September 1,
1943.    At the trial, the defendant, subject to the plaintiff's
exception, was permitted to show that the plaintiff was not
the record holder of the title to the premises but that the
title was in the name of one Tracy, a straw for the plain-
tiff.    Thereupon the judge stated that the plaintiff could
not maintain the action.    He denied the plaintiff's motion
for a directed verdict, and over the plaintiff's exception
granted the defendant's motion for a directed verdict.

The evidence was sufficient, if believed, to show that the
relationship of landlord and tenant existed between the
parties.    It was immaterial to the creation or existence of
this relationship whether the owner held the title in her
own name or in the name of a straw.    The reciprocal obli-

gations of landlord and tenant do not depend on the land-lord's title. A tenancy at will usually arises out of an agreement by which one party enters upon and occupies the premises of another for a consideration, which is usually the payment of rent. One who holds title in the name of a straw is not thereby precluded from letting the premises to a tenant at will. *Central Mills Co.* v. *Hart,* 124 Mass. 123. *Porter* v. *Hubbard,* 134 Mass. 233. *Lindsey* v. *Leighton,* 150 Mass. 285. *Crowe* v. *Bixby,* 237 Mass. 249. *Backoff* v. *Weiner,* 305 Mass. 375. *Williams* v. *Seder,* 306 Mass. 134. Furthermore, one who enters and occupies the land of another as the tenant of the latter is estopped to dispute the title of his landlord. *Cobb* v. *Arnold,* 8 Met. 398. *Curtis* v. *Goodwin,* 232 Mass. 538. *Magaw* v. *Beals,* 242 Mass. 321. *Connolly* v. *Kilcourse,* 285 Mass. 398.

It does not follow that, even if the judge was wrong in directing a verdict for the defendant on the ground that the plaintiff was not the record owner of the premises, the ruling is to be reversed if it was right upon another ground, *Rathgeber* v. *Kelley,* 299 Mass. 444; *Old Colony Railroad* v. *Assessors of Quincy,* 305 Mass. 509, which is open upon these exceptions, even though the point was not raised at the trial, as the judge did not require the party moving for a directed verdict to specify the reasons upon which the motion was based. *Proctor* v. *Dillon,* 235 Mass. 538, 540. *Krasnow* v. *Krasnow,* 253 Mass. 528. *Beebe* v. *Randall,* 304 Mass. 207.

The plaintiff sought to terminate the defendant's tenancy by giving him a notice to quit in compliance with G. L. (Ter. Ed.) c. 186, § 12, which in so far as material provides for the termination of a tenancy at will by either party "by three months' notice in writing for that purpose given to the other party; and if the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the days of payment." This statute has been construed as requiring that the notice must be given at least a rent period prior to the time stated therein for the termination of the tenancy and that the time specified in the

notice for the termination must be a rent day. *Hultain* v.
*Munigle,* 6 Allen, 220. *Walker* v. *Sharpe,* 14 Allen, 43.
*Ashkenazy* v. *O'Neill,* 267 Mass. 143. *Selig* v. *McCarthy,*
281 Mass. 106. The burden was on the plaintiff to show
that she gave a notice which complied with the statute.
The rent being payable monthly, the notice to be valid
must be given a full month prior to the next succeeding
rent day. *Currier* v. *Barker,* 2 Gray, 224, 226. *Prescott*
v. *Elm,* 7 Cush. 346. *Sanford* v. *Harvey,* 11 Cush. 93.
*Boynton* v. *Bodwell,* 113 Mass. 531, 536. *Means* v. *Cotton,*
225 Mass. 313, 318. If the tenancy began on April 1,
1941, when the premises were rented to the defendant,
then the monthly terms would begin with the first day of
the month and would be for a calendar month. But the
record, which contains all the material evidence, does not
show what day of the month was the rent day. If the
parties had agreed that the rent was payable on the first
of the month for the preceding month, it was the duty of
the plaintiff to prove such an agreement. There is nothing
in the evidence that suggests such an agreement. In the
absence of an agreement or custom it would seem that the
rent day is the last day of the monthly period. See *Bay
State Bank* v. *Kiley,* 14 Gray, 492; *Hammond* v. *Thompson,*
168 Mass. 531, 533; Crocker (5th ed.) Notes on Common
Forms, 337; Hall (3rd ed.) Landlord & Tenant, 208. If
the rent day was September 30, 1943, then the notice given
September 1, 1943, was too late to comply with the statute.
As the evidence does not support the plaintiff's contention
that a notice was given a month before the rent day, there
was no error in directing a verdict for the defendant.

*Exceptions overruled.*