U-DRYVIT AUTO RENTAL COMPANY, INC. *vs.* RUSSELL W. SHAW.

Suffolk.    May 9, 1946. — June 3, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Landlord and Tenant*, Termination of tenancy, Notice, Tenancy at will. *Notice.*

A notice, served by a landlord on September 26 on a tenant at will paying rent on the first day of each month in advance, to quit the premises "at the end of the next month of your tenancy, beginning after this notice," fixed November 1 as the day of termination of the tenancy and was sufficient under G. L. (Ter. Ed.) c. 186, § 12.

SUMMARY PROCESS. Writ in the Municipal Court of the Roxbury District dated November 2, 1945.

Upon appeal to the Superior Court, the action was heard by *Dowd*, J., without a jury.

*S. H. Lewis*, for the defendant.

*W. J. Conboy*, for the plaintiff, submitted a brief. ·

RONAN, J. This is an action under G. L. (Ter. Ed.) c. 239, § 1, as amended by St. 1941, c. 242, § 1, to recover possession of certain garage premises occupied by the defendant as a tenant at will of the plaintiff. The rent was payable in advance on the first day of each month. The plaintiff on September 26, 1945, served upon the defendant a notice, dated on the last mentioned day, to quit and deliver up the premises "at the end of the next month of your tenancy, beginning after this notice." The judge found for the plaintiff, and the defendant excepted to the refusal of the judge to rule that he must find for the defendant and to his refusal to grant a new trial.

The sole contention of the defendant is that the notice to quit was insufficient. A tenancy at will may be terminated in accordance with G. L. (Ter. Ed.) c. 186, § 12,[1] by either party "by three months' notice in writing for that purpose given to the other party; and if the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the days of payment." This statute has been construed to mean that the notice must fix the time for termination as a day upon which the rent is payable. *Prescott* v. *Elm*, 7 Cush. 346. *Ashkenazy* v. *O'Neill*, 267 Mass. 143. *Selig* v. *McCarthy*, 281 Mass. 106. *Connors* v. *Wick*, 317 Mass. 628. The date for termination need not be stated as a certain day. It is enough if it is designated in general terms and may be reasonably understood by the landlord and tenant as fixing a day certain. *Sanford* v. *Harvey*, 11 Cush. 93, 96. The rent in the present case was payable monthly on the first of the month, and a notice given on the first of the month that the tenancy will expire on the first of the succeeding month is

---

[1] See St. 1946, c. 202.

good.  *Walker* v. *Sharpe*, 14 Allen, 43.  A notice given on September 26, 1945, calling for the termination of the tenancy at the end of October, fixed November 1, 1945, a rent day, as the date for termination and, having been given a little more than the interval between the dates of payment, was sufficient to terminate the tenancy.  The case is plainly distinguishable from *Connors* v. *Wick*, 317 Mass. 628, upon which the defendant relies, if for no other reason than that it did not appear in that case when the rent was payable and consequently the plaintiff was unable to show that the notice to quit was valid.

*Exceptions overruled.*