Parker, J.
This is an action of contract in which the plaintiff seeks to recover rent for the months of February and March, 1948, for premises formerly occupied by the defendants. The answer is a general denial and a plea of payment.
At the trial there was evidence tending to show that the plaintiff, a Massachusetts business corporation with its principal place of business in Springfield, in said Hampden County, was on January 1st, 1948 and for a long time previous, the owner of certain real estate consisting of land and buildings located at the corner of Bridge Street and Broadway in said Springfield; that it has continued to be the owner of the said premises and was the owner at the time of the trial; that certain rooms or halls on the second floor of the said building were rented to and occupied by the defendants as tenants at will, at a monthly rental of $125. payable in advance on the first day in each month.
The evidence further tended to show that on January 2nd, 1948, at about 3:00 P. M., the defendant Dulchinos *212 gave a written notice on behalf of himself and the other defendants of intention to vacate the premises to one Calabrese, who was then employed in a cafe on Dickinson Street in said Springfield. There was also evidence that previous to that time the defendant Dulchinos had given said Calabrese checks in payment of rent for the premises in question ; that he “used to pay the rent to Calabrese in his bar; ’’ “that on two occasions he had given the rent checks to the attorney for the plaintiff and ‘thereafter to Calabrese for’ many, many months.”
At the close of the trial and before the final arguments the plaintiff made the following requests for rulings:
(1) That there is sufficient evidence to warrant a finding for the plaintiff. (2) That there was no evidence as a matter of law that the plaintiff ever received any notice of termination of the tenancy of the defendants in the premises in question. (3) That there was no evidence that the person receiving the alleged notice of January 2nd, 1948 had any authority to do so for the plaintiff, even if it were a sufficient notice to terminate, and therefore the plaintiff is entitled to recover. (4) That if the Court shall find that there was no evidence of authority or agency in the person to whom it is claimed the alleged notice of January 2nd, 1948 was delivered as claimed, for or on behalf of the plaintiff, or that the said person so receiving the alleged notice had a right to receive it for the plaintiff, or upon its behalf, then the plaintiff is entitled to recover. (5) That if the Court shall find that there was no evidence that the plaintiff ever received the notice of termination of the tenancy then existing, and which was dated January 2nd, 1948, as alleged, then the plaintiff is entitled to recover. (6) That as a matter of law the tenancy was not terminated and the defendants owe the plaintiff the rent as claimed in the declaration. (7) That there is no evidence that the tenancy in existence between the plaintiff and the defendants in the premises referred to in the plaintiff’s declaration was ever terminated, and the plaintiff is entitled to recover upon its declaration. (8) That the alleg’ed *213 notice of January 2nd, 1948 was not sufficient to terminate the tenancy referred to. (9) That the alleged notice of January 2nd, 1948 did not terminate the tenancy on a rent, day as required as a matter of law in order to terminate. (10) That if the Court shall find that the alleged notice of January 2nd, 1948 in fact purported to terminate the tenancy on January 31st, 1948, which was not a rent day then it is not a sufficient notice to terminate the tenancy in question; that the said tenancy remained in existence and the defendants are liable to the plaintiff as claimed in the declaration. (11) That upon all the evidence the defendants are estopped to deny the plaintiff’s title to the premises. (12) That upon all the evidence the Court find that the defendants were tenants of the plaintiff, at will, on February 1st, 1948 and on March 1st, 1948.
The Court denied the plaintiff’s requests for rulings excepting the eleventh which was granted; found for the defendants and made the following special findings of fact: “Notice to quit was served by tenants on one Calabrese who had received monthly rental payments from the defendants for ‘many, many months;’ Calabrese was agent of the plaintiff to collect rent and service on him was sufficient service on plaintiff corporation.”
The plaintiff claims to be aggrieved by the refusal of the Trial Judge to grant its requests and by the Trial Judge’s special findings. All of the plaintiff’s requests, except number 1, present the question whether the defendants’ notice to vacate the premises was seasonably and properly given, or whether Calabrese who had received monthly rental payments from the defendants was the agent of the plaintiff.
G. L. (Ter. Ed.) c. 186, § 12 as amended by 1946 Statutes, c. 202, provides that ‘ ‘ the time of such notice shall be sufficient if it is equal to the interval between the days of payment.” The statute has been construed as requiring that *214 the notice shall fix as the time for the termination of a tenancy, a day on which the rent is payable. In the instant case the day for the payment of the January rent would ordinarily be January 1st. However, January 1st being a legal holiday by reason of G. L. (Ter. Ed.) c. 4, § 9, notice to vacate given on January 2nd, which was the next succeeding business day, was sufficient. Selig v. McCarthy, 281 Mass. 106; U-Dryvit Auto Rental Co. v. Shaw, 319 Mass. 684.
There was evidence that the defendants had paid the monthly rental to the said Calabrese “many, many times,” which procedure was never objected to by the plaintiff. To quote from Simpson’s Massachusetts Law, Chapter 11, Agency, Section 261.2, Estoppel: “A person may be bound by the act of another on the principles of estoppel, by holding another out as agent, or by doing nothing to disaffirm such other’s acts, knowing of them and having opportunity to disclaim authority.” The defendants had a right to assume that the said Calabrese was the agent of the plaintiff, and notice to him was sufficient notice. Blish v. Harlow, 81 Mass. 316; Walker v. Sharpe, 103 Mass. 154; Steese v. Johnson, 168 Mass. 17; Ashkenozy v. O’Neill, 267 Mass. 143, 145. See American Law Institute Restatement: Agency, Section 268: “A notification given to an agent is notice to the principal if it is given to an agent apparently authorized to receive it.” Twombly v. Framingham Gas, 248 Mass. 53, 55.
The plaintiff’s first request might have been given. However, the Trial Judge found as a fact that Calabrese was the agent of the plaintiff, which finding rendered immaterial this request. Perry v. Hanover, 314 Mass. 167; Rummel v. Peters, 314 Mass. 504.
There being no prejudicial error, the report is ordered dismissed.