ROBERTS, J.
This is an action of contract for use and occupation of the second floor front apartment at 23 Garrison Road, Brookline, for the month of November, 1949. The defendant’s answer is a general denial and an allegation of payment.
At the close of the trial the plaintiff seasonably presented the following request for ruling: “The evidence requires a finding for the plaintiff,” which the court denied and found for the defendant.
The defendant was not in oc'cupancy of the apartment in November and the only issue presented for our determination is as to the adequacy of a notice to quit given by the defendant, as a tenant at will, to the plaintiff, her landlord, under the provisions of G. L. c. 186, s. 12.
On the evidence the court could have found that the rent was due in advance on the first of each calendar month and that on or about September 25, 1949, the defendant gave a written notice to the plaintiff by writing on the back of a check, payable to the plaintiff: “Payment for rent for one month ending October 30, 1949. At which time tenancy terminates.”
While the plaintiff testified that he did not receive the notice and check until October 18, 1949, the court wás not obligated to find this as a fact. It could have been found that it was received by him in advance of October 1, 1949, and that in point of time the notice given was adequate. It seems clear to us under the circumstances that “The time of such notice was equal to the interval between the days of payment within the natural and ordinary meaning of those words in the statute, G. L. chap. 186, sec. 12.” Selig v. Mc *[43] Carthy, 261 Mass. 106. No question was raised by the plaintiff as to the form of the notice given. The principal argument advanced by the plaintiff is that the defendant having set forth in her notice “month ending October 30, 1949,” she has in fact specified a day certain as the termination date and that there being 31 days in October, the day set was not a rent day and the notice was therefore not proper. Connors v. Wick, 317 Mass. 628.
Robert W. Cornell for plaintiff.
Eli H. Gartz for defendant.
It is true that this statute has been construed to mean that the notice must fix the time for termination as a rent day, Sanford v. Harvey, 11 Cush. 93, but the day or date of the determination of the tenancy need not be named in the notice and, “It is enough if it is designated in general terms and may be reasonably understood by the landlord and tenant as fixing a day Certain.” U-Dryvit Auto Rental Co., Inc., v. Shaw, 319 Mass. 684, 685.
Clearly the notice in question would have been adequate of it had specified that the tenancy would terminate at the end of the month of October, 1949, and it is our opinion that the insertion of a date of the month which purported to be the end of the month in question but which was obviously incorrect, would not invalidate the notice. The plaintiff knew that there were 31 days in October and he also knew on receipt of notice that he was being paid for the entire rental period as indicated by the amount on the face of the check and not to October 30, as he argues. On the evidence we believe the plaintiff reasonably understood that the date fixed by the defendant for the end of the tenancy was the end of the month of October, 1949.
This is not a case where notice was given in the middle of a rental period, stating that the tenancy was to be terminated one rental period from the date thereof as in Sanford v. Harvey, 11 Cush. 93, and it is also distinguishable from Connors v. Wick, 317 Mass. 628, relied on by the plaintiff, for in the latter case it does not appear when the rent was due and payable.
In our opinion, U-Dryvit Auto Rental Co. v. Shaw, and Selig v. McCarthy, cases cited supra, are controlling, and accordingly the order .must be

Report dismissed.