*Municipal Court of the City of Boston*

## M. HARRY GOLDBURGH
## v.
## NATHAN DRESSLER

(October 26, 1956 — January 23, 1957)

*Roberts, J.* This is an action of contract to recover for rent of apartment 5 at 4 Esmond Street in Dorchester, for the months of February and March, 1956. The answer pleaded denial, payment and termination of tenancy.

The trial court found that the defendant had terminated the tenancy by proper notice and found for the defendant and the appeal is before this court on certain issues raised by the plaintiff.

It is not contended that the defendant was in actual occupancy of the apartment in February or March and the prime issue presented for our determination is as to the adequacy of a notice to terminate given by the defendant as a tenant at will to the plaintiff, his landlord, under the provisions of G. L. c. 186, §12. Rent was payable in advance on the first day of each month and under the circumstances the burden was on the defendant to prove that he gave adequate notice and complied with the statute. *Connors v. Wick,* 317 Mass. 628, 631.

On the evidence it was open for the trial court to find that on or about December 27, 1955 the plaintiff or his agent received by mail from the defendant the following notice: "This is a notice that I will vacate apartment five (5) at 4 Esmond Street, Dorchester, Mass. by the end of January, 1956". While the notice did not bear the signature of the defendant and was not dated, a check signed and dated was enclosed in the envelope by the defendant. The envelope carried the full name and address of the defendant and the check enclosed by the defendant was in payment of rent for the final month of January, 1956 on the premises in question. This check was deposited in the bank account of the plaintiff on December 28, 1955.

We think it clear that under these circumstances such notice was adequate. The notice was identified by the plaintiff as one given by the defendant, the date of notice was supplied by the check enclosed, the premises in question was identified and the date of termination was designated. *Selig v. McCarthy,* 281 Mass. 106, 107. There is no requirement for personal signature and it is enough if the required information is furnished in general terms and may be reasonably understood by the parties. *U-Dryvit Auto Rental Co. Inc. v. Shaw,* 319 Mass. 684, 685; *Assessors v. Neal,* 311 Mass. 192, 198, 202.

Finally there is nothing in the plaintiff's contention

that the trial court was not free to find that the defendant had actually vacated and surrendered the premises as required by law. There was enough evidence that the defendant did everything required of him under the circumstances.

*Report dismissed.*

Plaintiff, Pro se,

Norman & Parisi, for the defendant.