ST. PAUL MANOR, INC. *vs.* M. HARRY GOLBURGH.    June 6, 1967. In this action of summary process the judge found for the plaintiff for possession. The defendant excepted to this finding and to the denial of certain requests for rulings. Of these the only one pressed before us is the third, which reads: "The letter dated May 17, 1965 did not constitute a notice sufficient to terminate said lease." The denial of this request in the

---

[1] Mrs. Kirschenbauer, nee Ludovico, is one of five children of the deceased, Joseph Ludovico, each of whom by a separate petition based on the same allegations sought the same relief against Stella Ludovico. By stipulation of record our decision in the *Kirschenbauer* case is to be binding on all parties in the other cases.

[2] Chelsea Savings Bank.

circumstances appearing in this record was not erroneous. The premises covered by the lease were an apartment at 22 St. Paul Street, Brookline, which was occupied by the defendant's son. In the negotiations for the lease the defendant's son sought to have the lease run to him but the plaintiff refused for the reason that the son was a student and had no income. At the plaintiff's suggestion the defendant signed the lease but the apartment was occupied by the son. The lease ran for two years from August 1, 1963, and contained a clause that after the expiration of this term it was to continue "from year to year until either the Lessor or Lessee, on or before the first day of June in any year, gives to the other written notice of intention to terminate this lease on the last day of the following July." A written notice to terminate, addressed to the defendant's son at the demised premises, was mailed by the plaintiff on May 17, 1965. The notice was received by the son, who after a few days showed it to the defendant. Although the notice was addressed to the son rather than the defendant, we are of opinion that the judge could have found that the son with respect to matters relating to the lease was acting as the defendant's agent and that the notice which was shown to the defendant shortly after its receipt was sufficient. See *Clark* v. *Keliher,* 107 Mass. 406, 409; *Steese* v. *Johnson,* 168 Mass. 17, 19; *Ashkenazy* v. *O'Neill,* 267 Mass. 143, 145. As was said in *Clark* v. *Keliher, supra,* at page 409, "There was no uncertainty as to the party from whom it emanated or the tenement to which it applied."

*Exceptions overruled.*

M. *Harry Golburgh,* pro se, submitted a brief.
No argument or brief for the plaintiff.