JAMES S. KEHOE & others *vs.* JOHN J. SCHNEIDER. July 31, 1978. 1. The defendant's argument that the plaintiffs' tenancy terminated at the end of May, 1975, that a new tenancy by other persons began at that time, and that the notice received by the defendant on behalf of the plaintiffs on August 1, 1975, was therefore without legal standing, is predicated on assertions of fact not substantiated by the record. The judge did not make such findings, and the record does not establish that he was required to make them. 2. On the basis of the facts of the case as found by him, the judge was correct in ruling that the defendant's failure to execute and deliver a lease to the plaintiffs resulted in their being tenants at will. G. L. c. 183, § 3. See *Chase* v. *Aetna Rubber Co.*, 321 Mass. 721, 724 (1947); *Chester A. Baker, Inc.* v. *Shea Dry Cleaners, Inc.*, 322 Mass. 311, 312 (1948). 3. There was evidence to support the judge's finding (implicit in his acceptance of paragraph 7 of the complaint) that the plaintiffs gave timely written notice of their intent to terminate the tenancy. The record indicates that the rent day was the first day of the month (contrast *Connors* v. *Wick*, 317 Mass. 628, 631 [1945]) and that the notice of termination was received on August 1, 1975, to take effect, implicitly, at the end of August. The notice so given was in compliance with the requirements of G. L. c. 186, § 12, because the notice period was not less than the interval between rent days, *Walker* v. *Sharpe*, 14 Allen 43, 45 (1867), *U-Dryvit Auto Rental Co.*, v. *Shaw*, 319 Mass. 684, 685-686 (1946), and was not less than thirty days.

*Judgment affirmed.*

*James J. Haroules* for the defendant.
*Ernest W. Rauscher* for the plaintiffs.