DANIEL C. GRANT vs. DUCHINO PIZZANO.

Norfolk.　March 14, 1928. — September 20, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice*, Appeal; Decree: pro confesso; Bill. *Equity Jurisdiction*, Specific performance. *Contract*, Construction, For sale of real estate. *Appeal*.

A final decree granting the plaintiff relief was entered in a suit in equity in the Superior Court pending in Norfolk County by order of a judge sitting in Boston on October 31. The papers in the suit were again received in Boston, for a reason not shown, on November 18. On November 19, the defendant filed a claim of appeal from the decree with an assistant clerk designated under G. L. c. 221, § 16, to act as clerk for the court when sitting in Boston for the hearing of cases from any other county. November 20 was a Lord's day. On November 22, the assistant clerk returned the papers to the clerk of courts for Norfolk County. *Held*, that

(1) The proper place for the filing of the appeal was in the office of the clerk of courts for Norfolk County;

(2) Neither G. L. c. 221, § 16, nor any rules or order of the Superior Court, nor the circumstances shown by the record authorized the filing of the claim of appeal elsewhere than with the clerk of courts of Norfolk County;

(3) The claim of appeal was not filed within the time designated by G. L. c. 214, § 19.

In a bill in equity against one Duchino Pizzano for specific performance of an agreement to convey land, the plaintiff alleged that the defendant owned the land in fee; that a memorandum of the agreement was as follows: "Received of . . . [the plaintiff] $50.00 as part payment of . . . [the land in question] balance of $3950 . . . to be paid within sixty or ninety days as mutually agreed"; that it was signed by the defendant and by a "Mrs. Angelino Pizzano"; that the $50 was paid and the plaintiff had tendered the balance of the purchase price and had kept his tender good at all times and was ready to pay the purchase price "for a good and marketable title of said premises, and a proper deed of the fee thereof, free from all incumbrances"; and that the defendant had refused to perform. The prayers were for specific performance, subject to a deduction of interest on purchase money held to make good the tender, with an alternative prayer for return of deposit if the defendant was unable to convey good title, and for general relief. The bill, after the filing of an answer, was taken *pro confesso* for failure of the defendant to appear and defend, and a final decree was entered directing conveyance by the defendant upon payment to him by the plaintiff of $3,950. *Held*, that

(1) While the plaintiff, although the bill had been taken for confessed, was not entitled to a decree going beyond the stating part of the bill, the allegations in the bill of an unqualified tender by the plaintiff and refusal by the defendant, and that the plaintiff was ready to pay the purchase price "for a good and marketable title of said premises, and a proper deed of the fee thereof, free from all incumbrances," did not narrow nor affect the plaintiff's rights under the agreement, and, upon the defendant's default, entitled the plaintiff to a decree;

(2) The defendant's simple agreement to convey without particularization of the kind of title to be given imported that the title to be conveyed should be a good title free from all encumbrances;

(3) The fact, that the plaintiff's allegation of readiness to perform and one of his prayers were conditional upon allowance to him of interest on the amount of money held to keep good the tender, did not preclude the court in the exercise of its discretion from refusing to allow interest in the circumstances disclosed by the bill;

(4) The mere fact, that the agreement appeared by the allegation of the bill to be signed by a married woman of the same surname as the defendant, in the absence of other allegations in the bill, did not show that it also was executed by the defendant's wife, nor require that the plaintiff must show, to get relief, that the defendant could procure release of dower: the phraseology of the memorandum was such that the defendant was suable severally upon it;

(5) The bill having been taken for confessed, the truth of all facts therein alleged was established;

(6) The plaintiff as matter of pleading was not required to negative the existence of encumbrances;

(7) Allegations in the defendant's answer could not be considered, the bill having been taken for confessed.

BILL IN EQUITY, filed in the Superior Court on October 6, 1924, and afterwards amended, for specific performance of an agreement by the defendant to sell real estate to the plaintiff.

On February 7, 1927, an interlocutory decree was entered that the bill be taken *pro confesso* for failure of the defendant to plead. On March 9, 1927, that interlocutory decree was vacated and the defendant was allowed to file an answer. On October 6, 1927, an interlocutory decree was entered that the bill be taken as confessed against the defendant, "it appearing that due notice had been given the defendant to appear and defend said action and that though solemnly called in open court he has failed to appear and defend this suit," and on October 31, 1927, a final decree was entered "that the defendant within ten days from the date hereof execute and prepare a proper deed of transfer to the plaintiff of the estate described in said agreement and more fully de-

scribed in the first paragraph of the plaintiff's bill upon payment by the plaintiff to the defendant of the sum of $3,950." The proceedings respecting an attempted appeal by the defendant are described in the opinion.

*W. P. Murray,* (*C. V. Statuti* with him,) for the defendant.

*W. S. McCallum,* (*D. F. McNeil* with him,) for the plaintiff.

RUGG, C.J. This is a suit in equity pending in Norfolk County. After the defendant had filed an answer, the bill was taken *pro confesso;* and a final decree in favor of the plaintiff was entered on the thirty-first day of October, 1927. That decree was entered "By the Court, (Morton J.) sitting at Boston," as attested by an assistant clerk of the Superior Court for Suffolk County. G. L. c. 221, §§ 6, 16. The defendant within twenty days after the entry of that decree might appeal therefrom. G. L. c. 214, § 19. See G. L. c. 231, § 96 as amended by St. 1928, c. 306. The twentieth day from October 31, 1927, fell on November 20, 1927, which was the Lord's day. Therefore the defendant might appeal as late as November 21, 1927, under G. L. c. 4, § 9, whereby it is provided that, when the last day for the performance of any act falls on Sunday or a legal holiday, it may be performed on the next succeeding business day, unless otherwise specifically provided, thus abrogating the rule declared in *Haley* v. *Young,* 134 Mass. 364, 367. *Stevenson* v. *Donnelly,* 221 Mass. 161, 163. The record shows this respecting the appeal of the defendant: "Suffolk, ss. November 19, 1927. Filed in Court at Boston Attest: James F. McDermott, Asst. Clerk." There is nothing on the printed record before us indicating the time when this appeal was filed in the office of the clerk of courts for Norfolk County. There is an affidavit of counsel supported by certificate of said "James F. McDermott, Asst. Clerk" showing that papers in the case were received by him on November 18, 1927, and were returned to the clerk of courts for Norfolk County on November 22, 1927. There is nothing on the record as printed to show why the papers were in Boston from November 18 to November 22. Extrinsic suggestions outside the record do not and could hardly be thought under any circumstance to authorize the filing of the appeal in Suffolk

County. The claim of appeal does not depend upon permission or action by the court. It is a matter of right under our equity practice. As was said in *Old Colony Street Railway* v. *Thomas,* 205 Mass. 529, 536, "The only place for making a record or for keeping a record of a case in the Superior Court is in the clerk's office, except as such records may be made in the court and kept for the time being in the court, when it is actually sitting elsewhere." This is the true rule. It means that all papers touching a case not immediately connected with proceedings before the court sitting elsewhere must be filed in the clerk's office of the county where the case is pending. See *Burlingame* v. *Bartlett,* 161 Mass. 593, 595. It is difficult to conceive of any proceeding actually taking place before the court which would warrant the filing of an appeal from a final decree in the office of the clerk of courts of any county other than the one where the case is pending. There is nothing on this record to justify such filing. The terms of G. L. c. 221, § 16, contain no such authority. The rules and orders of the Superior Court confer no such authority even if it be assumed without so deciding that the matter is within the jurisdiction of the court respecting rules or orders. It is not necessary to decide whether a judge sitting outside the county where a case is pending would have jurisdiction by special order to permit the filing in Suffolk County of such a paper as an appeal from a final decree. It follows that the appeal was not filed within the time permitted by the statute · and therefore was ineffective.

The defendant has filed a petition for leave to appeal under G. L. c. 214, § 28, supported by affidavit. Both parties have also filed briefs and argued orally the merits of the case disclosed by the record as if it were here properly on appeal. We do not pause to discuss the merits of this petition because, as the case has been presented, the defendant cannot prevail on the merits and there seems to be no objection to stating the grounds which lead to that result. *Commonwealth* v. *McNary,* 246 Mass. 46, 48, and cases there collected. *Davis* v. *Smith-Springfield Body Corp.* 250 Mass. 278, 284. *Diaz* v. *Patterson,* 263 U. S. 399, 402.

Although the bill has been taken for confessed, the plaintiff cannot go beyond the stating part of the bill. By that he is bound. Succinctly stated the bill as amended alleges that the defendant was the owner in fee of a lot of land; that he made an agreement to convey it to the plaintiff, a memorandum of which was of the tenor following: "Dedham, Mass., June 16th 1924 Received of Daniel C. Grant $50.00 as part payment of my house and land on Winthrop St., Dedham balance of $3950. (thirty-nine hundred and fifty dollars) to be paid within sixty or ninety days as mutually agreed. (Signed) Mr. Duchino Pizzano. (Signed) Mrs. Angelino Pizzano"; that on the execution of the memorandum, the plaintiff paid to the defendant $50; that the plaintiff has performed all that was required of him by the agreement and is ready and willing and offers to pay the residue of the purchase price which he has already tendered; that he has at all times kept the tender good; and that the defendant refuses to perform the contract. The prayers are for specific performance with deduction of interest on purchase money held to make good the tender with alternative prayer for return of deposit if the defendant is unable to convey good title, and for general relief.

Although the bill was taken *pro confesso* against the defendant, he has appeared before us and argued the case. Therefore we shall consider upon the merits only such points as the defendant has argued orally or upon briefs. See *McArthur* v. *Hood Rubber Co.* 221 Mass. 372, 374, 375, *Boston Safe Deposit & Trust Co.* v. *Stratton*, 259 Mass. 465, 476, 477. Whatever, if anything, might be open on the record which has not been argued is taken to be waived. *Commonwealth* v. *Dyer*, 243 Mass. 472, 508. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334, 346. *Silverman* v. *Rothfarb*, 247 Mass. 456, 458.

The defendant first contends that because the plaintiff in his bill alleges that he is ready to pay the purchase price "for a good and marketable title of said premises, and a proper deed of the fee thereof, free from all incumbrances," this is the assertion of a condition not found in the agreement. This allegation may be treated as surplusage and not

narrowing or affecting the rights of the plaintiff under the agreement.    The allegations of the bill are specific that the plaintiff made an unqualified tender and the defendant an unqualified refusal to convey.    These allegations are enough to put the defendant in default and to establish the plaintiff's case in this respect without further amplification. *Irvin* v. *Gregory,* 13 Gray, 215, 218.    *Roche* v. *Fairbanks,* 254 Mass. 7, 9, 10.    Moreover a simple agreement to convey land without particularization of the kind of title to be given imports a good title free from all encumbrances.    *Swan* v. *Drury,* 22 Pick. 485, 488.    *Smith* v. *Greene,* 197 Mass. 16, 18.

The second contention of the defendant is that the plaintiff's allegation of readiness to perform and one of his prayers are conditional upon allowance to him of interest on the amount of money held to keep good the tender.    There is nothing to this contention.    The court in the exercise of its discretion could refuse to allow interest in the circumstances disclosed by the bill.    As was said in *Eastern Bridge & Structural Co.* v. *Worcester Auditorium Co.* 216 Mass. 426, 428, "While the scope of the bill cannot be enlarged by specific prayers, yet relief coextensive with the allegations of the bill can be granted if any specific prayer is sufficient, or, if not, then under the general prayer."

The third point urged is that, since the memorandum of agreement shows that the defendant is married, there is no allegation that the defendant can procure release of dower and that hence it does not appear that the defendant can convey a good title and the decree is unwarranted.    It nowhere is alleged in the bill that the defendant is married. No such inference can be drawn merely from the signatures to the memorandum.    The phraseology of the memorandum is such that the defendant is suable severally upon it.    *Hemmenway* v. *Stone,* 7 Mass. 58.    Williston, Contracts, § 324.

The final contention of the defendant is that the decree cannot stand because it may be that there are outstanding encumbrances such as leases or mortgages.    There are no allegations in the bill on this point.    The bill having been taken for confessed, the truth of all facts there alleged is

established. · The plaintiff as matter of pleading was not required to negative the existence of encumbrances. The defendant's answer cannot be considered in this connection.

*Appeal dismissed.*