**William J. SMITH, Plaintiff, Appellant,**

v.

**Gilbert J. PASQUALETTO, Defendant,
Appellee.**

**No. 5205.**

United States Court of Appeals
First Circuit.

July 1, 1957.

Alfred Sigel, Boston, Mass., with whom Hubert Thompson, Boston, Mass., was on brief, for appellant.

Thomas F. Maher, Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

■ The plaintiff-appellant, Smith, a citizen of Massachusetts, brought this action sounding in tort for negligence against the defendant-appellee, Pasqualetto, a citizen of Illinois, in the United States District Court for the District of Massachusetts, under the diversity of citizenship jurisdiction conferred by Title 28 U.S.C. § 1332. The court below entered judgment for the defendant on the ground that the action was barred by the Massachusetts[1] statutes governing limitation of actions.

---

[1]. Under the rule of Erie RR. v. Thompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, as evolved in subsequent Supreme Court decisions, the District Court in this case would clearly be obliged to apply the state statute of limitations if the action would be barred thereunder were it brought in the state court. See Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. Whatever reservations might be entertained concerning the scope of the holding in Guaranty Trust Co. v. York, see Hart & Wechsler, Federal Courts and

Insofar as relevant the facts of the case are as follows. Plaintiff-appellant was injured when an automobile he was driving and one owned and operated by the defendant collided at a street intersection in Boston in June, 1953. The plaintiff filed his complaint on June 21, 1954, in which he alleged that the collision and his injury occurred on June 24, 1953. However, during the course of the trial it was established without contradiction that the actual date of the injury was June 20, 1953. At the close of the evidence the defendant moved for a directed verdict on the ground that the action was barred by Mass.G.L.(Ter.Ed.) c. 260, § 4 which provides: "actions of tort for bodily injuries * * * the payment of judgments in which is required to be secured by chapter ninety[2] * * * shall be commenced only within one year next after the cause of action accrues." The District Court denied the motion and submitted the case to the jury which returned a verdict for the plaintiff. Thereupon, the defendant moved for judgment notwithstanding the verdict and the court granted the motion. In the course of a bench conference following the return of the verdict the court noted on its own initiative that the 20th of June, 1954, was a Sunday, which fact might afford some basis for arguing that that day should be excluded in determining the statutory period. However, the court passed over the point by further noting that "[t]he usual Massachusetts rule, where more than seven days is involved, is not to exclude Sunday."

The appellant had made no mention of this "Sunday factor" in his pleadings nor did his counsel advert to it at the trial. Now on this appeal he for the first time argues the applicability of Mass.G.L. (Ter.Ed.) c. 4, § 9 which provides as follows:

"Except as otherwise provided, when the day or the last day for the performance of any act, including the making of any payment or tender of payment, authorized or required by statute or by contract, falls on Sunday or a legal holiday, the act may, unless it is specifically authorized or required to be performed on Sunday or on a legal holiday, be performed on the next succeeding business day."

Certainly a federal court may on its own initiative take notice of relevant rules of state law. Bowen v. Johnston, 1939, 306 U.S. 19, 23, 59 S.Ct. 442, 83 L.Ed. 455. Perhaps in some circumstances it is required to do so. See Am. Law Inst. Model Code of Evidence, Rule 801. However, occasionally as here an applicable rule of law eludes not only counsel, but also, since omniscience can hardly be expected, of the trial judge. Although there are situations in which the overall needs of justice require that parties on appeal be denied recourse to rules of law to which the attention of the trial court has not been specifically directed, see Fed.R.Civ.P. 51, 28 U.S.C. (objections to instruction to jury) and Fed.R.Civ.P. 46 (objections to evidence), appellate courts are understandably reluctant to impose injustice upon a party by affirming a judgment which would have no legal basis were it not for the laxity of his counsel. See Fourth National Bank v. Francklyn, 1887, 120 U.S. 747, 751–752, 7 S.Ct. 757, 30 L.Ed. 825; Keene Lumber Co. v. Leventhal, 1 Cir., 1948, 165 F.2d 815.[3] In this case we will

---

the Federal System, 659–60, do not apply here since this cause arises solely under the laws of Massachusetts and the Massachusetts "short statute" of limitations here involved appears to be directed primarily at protecting defendants from extended uncertainty as to liability rather than reducing the burden of stale litigation upon courts of the state.

2. Whether actions against non-resident motorists are among those "the payment of judgments in which [are] required to be secured by chapter ninety" and thereby subject to the special one year rather than the general two year statute of limitations, Mass.G.L.(Ter.Ed.) c. 260, § 2A, is a difficult question of statutory interpretation, as yet unresolved by Massachusetts cases, which we do not reach since it is not necessary to the decision in this case.

3. Since we are here largely concerned

consider the appellant's rights under the Massachusetts "Sunday statute," for to do so imposes no substantial injustice upon either the appellee, or other litigants awaiting access to the courts, since no further proceedings of any significant duration will result which would be otherwise unnecessary were it not for the laxity of appellant's trial counsel. To the extent that appellee may have suffered the expense of the appeal solely because of the appellant's delay in raising the critical issue, appropriate compensation can be made by awarding costs on appeal to the appellee. Murdock v. Ward, 1900, 178 U.S. 139, 149, 20 S.Ct. 775, 44 L.Ed. 1009.

■ Proceeding now to the merits of appellant's argument with respect to the applicability of the so-called "Sunday statute," Mass.G.L.(Ter.Ed.) c. 4, § 9, we conclude that said legislation is effective to extend the expiration date of the period of limitations to Monday, June 21, 1954, on which date the complaint was properly filed.

While there are no Massachusetts cases directly in point, the so-called "Sunday statute" expressly provides that "[e]xcept as otherwise provided, when * * * the last day for the performance of any act * * * required by statute * * * falls on Sunday * * * the act may, unless it is specifically authorized or required to be performed on Sunday * * *, be performed on the next succeeding business day." Mass.G.L.(Ter.Ed.) c. 4, § 9.

In disputing the applicability of this statute to the case at bar appellee makes several arguments, none of which appear to us to have sufficient weight to counteract the clear language of the statute. Appellee's arguments are directed to the "except as otherwise provided" clauses with the assertions that 1. the common law rule cited by the court below, and 2. the language of the "short statute," Mass.G.L.(Ter.Ed.) c. 260, § 4, do "otherwise provide."

Considering the latter statutory provision first we note that the allegedly applicable language reads as follows:

"[A]ctions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety * * * shall be commenced only within one year next after the cause of action accrues." Mass.G.L.(Ter.Ed.) c. 260 § 4.

Appellee contends that the phrase "only within one year next" must be strictly construed as providing that without exception the action must be brought by the first anniversary date of the accrual thereof or be barred. We do not agree that such a strict construction is required in order to give effect to the phrase in question. Rather, in view of the fact that the short statute is an exception carved out of the longer two year statute of limitations for torts in general, we consider that a more natural construction of the language places the emphasis upon the word "one" in recognizing an intention to set off "one year" as against "two years." It seems to us an excessively strained interpretation of both language and legislative intent to place predominant emphasis upon the word "only" in order to effectuate an alleged purpose to disallow the extra day provided in certain situations by the previously enacted "Sunday statute."

■ Therefore we conclude that the statute does not "otherwise provide" and proceed to consider the possible applicability of the common law rule invoked by the court below, which rule purports to restrict the exclusion of Sundays in computation of expiration date to periods shorter than seven days. See Haley v. Young, 1883, 134 Mass. 364; Stevenson v. Donnelly, 1915, 221 Mass. 161, 163, 108 N.E. 926. First we must point out that the common law rule in question is not necessarily inconsistent with the "Sunday statute." The "Sunday statute" re-

with the extent to which the federal judicial system should be protected from relitigation necessitated by laxity of counsel, we consider it proper in a di-

versity case, as in any other, to refer to federal rather than state precedent. Cf. footnote 1, supra.

lates only to situations where Sunday (or any other legal holiday) is the last day of the period, whereas the common law rule extends to situations where Sunday falls *within* the period. To the slight extent that the two rules might be considered contradictory we are obliged to give force to the statute. To give force to the statute undercuts but slightly the application of the common law rule, whereas to give full force to the common law rule would thoroughly frustrate the purpose of the statute. In concluding that the statute rather than the common law provision governs this case we consider it further significant that the Massachusetts cases applying the common law rule to terminal dates falling on Sunday, see e. g., Cooley v. Cook, 1878, 125 Mass. 406, antedate the enactment of the statute in 1907, and in the subsequently decided case of Grant v. Pizzano, 1928, 264 Mass. 475, 163 N.E. 162, the Supreme Judicial Court of Massachusetts recognized that the "Sunday statute" effectively modified the common law rule.

A judgment will be entered vacating the judgment of the District Court and remanding the case to that Court for further proceedings not inconsistent with this opinion. Costs on appeal to the appellee.