KATHLEEN WALSH vs. JOHN OGORZALEK.

Berkshire.    March 9, 1977. — March 31, 1977.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Limitations, Statute of. Statute,* Construction. *Jurisdiction,* Non-resident. *Practice, Civil,* Service of process, Non-resident.

In an action commenced approximately twenty-nine months after the plaintiff sustained personal injuries in an accident in Massachusetts while she was a passenger in an automobile operated by the defendant, a nonresident at the time of the accident and more than twenty-three months thereafter and whose name and location were known to the plaintiff, it was held that G. L. c. 260, § 9, was inapplicable to toll the two year statute of limitations set forth in § 2A, and that the action was barred, since the defendant had been susceptible to service of process under c. 90, § 3A, and under c. 223A, § 6. [272-275]

CIVIL ACTION commenced in the Superior Court on June 10, 1975.

The case was heard by *Hayer, J.,* on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Clement A. Ferris* for the plaintiff.
*John D. Lanoue* for the defendant.

HENNESSEY, C.J.   The defendant made a motion for summary judgment which was allowed by a judge of the Superior Court based on the pleadings, interrogatories, and affidavits filed by the parties. The judge ruled that G. L. c. 260, § 9,[1] which provides for the suspension or "tolling"

---

[1] General Laws c. 260, § 9, reads as follows: "If, when a cause of action hereinbefore mentioned accrues against a person, he resides out of the commonwealth, the action may be commenced within the time herein limited after he comes into the commonwealth; and if, after a cause of action has accrued, the person against whom it has accrued resides out of the commonwealth, the time of such residence shall be excluded in determining the time limited for the commencement of the action; but no action shall be brought by any person upon a cause of action which was barred by the laws of any state or country while he resided therein."

of the statute of limitations for the period during which a defendant resides out of the Commonwealth, is not applicable when a nonresident defendant could be served pursuant to G. L. c. 90, § 3A,[2] and, therefore, that the plaintiff's action was barred by the statute of limitations. Judgment was entered for the defendant, and the plaintiff has appealed therefrom. We conclude that there was no error.

The relevant facts are undisputed by the parties. The plaintiff was injured in an automobile accident in Worcester, Massachusetts, on January 15, 1973, while she was a passenger in an automobile operated by the defendant. The defendant was a resident of Portland, Connecticut, at the time of the accident, and the automobile was registered in Connecticut. It is undisputed that the plaintiff's cause of action accrued on January 15, 1973, and that the action was not commenced until June 10, 1975, approximately twenty-nine months later, seemingly beyond the two-year limitation period set forth in the applicable statute of limitations, G. L. c. 260, § 2A, inserted by St. 1948, c. 274, § 2. It is further undisputed, however, that the defendant resided out of and was absent from the Commonwealth for a period totaling over twenty-three months of this time.

The only issue presented is whether G. L. c. 260, § 9, which provides in pertinent part that the time of a defendant's residence outside of the Commonwealth shall be excluded in determining the time limited for the com-

---

[2] General Laws c. 90, § 3A, as amended by St. 1955, c. 196, § 1, reads in pertinent part as follows: "The acceptance by a person who is a resident of any other state or country of the rights and privileges conferred by section three, as evidenced by the operation, by himself or agent, of a motor vehicle or trailer thereunder, or the operation by such a person, by himself or his agent, of a motor vehicle or trailer on a way, . . . in this commonwealth . . . shall be deemed equivalent to an appointment by him of the registrar, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him or his executor or administrator, growing out of any accident or collision in which such person or his agent may be involved while operating a motor vehicle or trailer on such way . . . ."

mencement of the action, is inapplicable in this case where there was available a means of service of process under G. L. c. 90, § 3A.[3] This is a question of first impression in this Commonwealth. We agree with the ruling of the judge that the statute of limitations was not tolled in these circumstances.

General Laws c. 90, § 3A, provides in essence that a nonresident motorist exercising the privilege of operating a motor vehicle within the Commonwealth is deemed to have appointed the Registrar of Motor Vehicles as an attorney on whom process may be served for an action growing out of an accident while he is exercising this privilege. Further, "any such process against him . . . which is so served shall be of the same legal force and validity as if served on him personally." The plaintiff points out that this statute, which purports only to provide a means of service of process on a nonresident motorist, makes no reference to the statute of limitations. Further, the plaintiff emphasizes that the tolling statute, G. L. c. 260, § 9, contains no exception for a nonresident who is amenable to service despite his absence from the Commonwealth. From this the plaintiff argues that, in the absence of any such explicit statutory reference or other expression of legislative intent to except from the tolling provision of G. L. c. 260, § 9, a nonresident who is amenable to service despite his absence from the Commonwealth, such statute must be deemed applicable in the present circumstances.

From these several contentions, the plaintiff urges that the tolling provisions are applicable in the circumstances of this case unless this court should conclude that c. 260, § 9, has been impliedly repealed, modified or otherwise limited by the later enactment of the nonresident motorist

---

[3] The defendant was also susceptible to service under G. L. c. 223A, § 6, the so called "long arm" statute. If the long arm statute were the only means by which service of process could be effected, we would apply the same reasoning and reach the same result, viz.: that the tolling provision of c. 260, § 9, was inapplicable. Thus, it may be seen that the result and reasoning in this case will control in some cases, involving out-of-State defendants, to which c. 90, § 3A, is inapplicable.

statute, c. 90, § 3A, or the long arm statute, c. 223A, § 6. The plaintiff asserts that this court has always disfavored implied repealer. She contends that, as between the earlier and later statutes involved in this case, there is no such inconsistency or repugnancy such as this court has required as a basis for a conclusion that an implied repeal or modification was intended by the Legislature. Cf. *Goldsmith* v. *Reliance Ins. Co.*, 353 Mass. 99, 102 (1967); *Doherty* v. *Commissioner of Administration*, 349 Mass. 687 (1965); *Everett* v. *Revere*, 344 Mass. 585 (1962); *Goodale* v. *County Comm'rs of Worcester*, 277 Mass. 144, 150-152 (1931); *Hutchinson* v. *H.E. Shaw Co.*, 277 Mass. 115 (1931).

The principles cited by the plaintiff are applicable in some circumstances but her argument does not lead us to the conclusion which she urges in this case. We consider first the purpose of the tolling statute: to prevent a potential defendant from insulating himself from liability by placing himself for a time beyond the reaches of the law for purposes of service. See *Nichols* v. *Vaughan*, 217 Mass. 548, 550-551 (1914); *Langdon* v. *Doud*, 6 Allen 423, 425-426 (1863). A rule of construction, peculiarly applicable here, is that the purpose and not the letter of a statute controls. *Price* v. *Railway Express Agency, Inc.*, 322 Mass. 476, 484 (1948). We construe the words of c. 260, § 9, which refer to a defendant who "resides out of the commonwealth," as describing a person who by reason of non-residence is beyond the jurisdiction and process of the court. *Smith* v. *Pasqualetto*, 146 F. Supp. 680, 681-682 (D. Mass. 1956), vacated on other ground, 246 F.2d 765 (1st Cir. 1957). This construction recognizes the principle that later acts of the Legislature (in this instance G. L. c. 90, § 3A, and G. L. c. 223A, § 6) may modify the application of an earlier statute in the new circumstances. *Commonwealth* v. *Welosky*, 276 Mass. 398, 403 (1931).

To construe the tolling statute in the manner urged by the plaintiff would allow suits to be postponed indefinitely, for no good purpose, and to be brought in some cases at the virtually unlimited pleasure of the plaintiff. *Bolduc*

Walsh *v.* Ogorzalek.

v. *Richards,* 101 N.H. 303, 305 (1958). This result was clearly not intended by the Legislature. See *Gifford* v. *Spehr,* 358 Mass. 658, 661 (1971).

Our holding herein is, of course, limited to cases, like the instant case, where the name and location of the defendant are known to the plaintiff. The period of limitations may be tolled in a case where, for a time, that information is not available to the plaintiff. Whether the plaintiff had such knowledge could conceivably be a question of fact for a judge and might even require the hearing of evidence where the issue is disputed.

The result which we reach is consistent with the legislative intent in a framework of analogous statutes, wherein defendants are made amenable to service of process and no tolling of the statutes of limitations is provided.[4] This result also accords with the great weight of authority in other jurisdictions.[5]

*Judgment affirmed.*

---

[4] See, e.g., G. L. c. 181, § 15 (service of process in suits against foreign corporations made on State Secretary); G. L. c. 227, § 5 (service of process in suits against nonresident individuals or partnerships with nonresident partners doing business in Commonwealth made on appointed resident agent or Secretary of State); G. L. c. 227, § 5A (service of process in suits against certain nonresidents doing business in Commonwealth made on clerk of town or city where business is done).

[5] See, e.g., *Byrne* v. *Ogle,* 488 P.2d 716, 717-719 (Alas. 1971); *Coombs* v. *Darling,* 116 Conn. 643, 647 (1933); *Bolduc* v. *Richards,* 101 N.H. 303, 306 (1958); *Broadfoot* v. *Everett,* 270 N.C. 429, 432-433 (1967), applying Pennsylvania law; *Reed* v. *Rosenfield,* 115 Vt. 76, 80 (1947); *Tarter* v. *Insco,* 550 P.2d 905, 909-910, and cases cited at 907 n.5 (Wyo. 1976). Contra *Gotheiner* v. *Lenihan,* 20 N.J. Misc. 119, 122 (1942); *Couts* v. *Rose,* 152 Ohio St. 458, 461 (1950); *Vaughn* v. *Deitz,* 430 S.W.2d 487, 490 (Tex. 1968).