Chahram **PAHLAVI**

v.

Petros A. **PALANDJIAN.**

Civ. A. No. 83–0437–Z.

United States District Court,
D. Massachusetts.

May 30, 1985.

**10**

Gene K. Landy, Marie F. Mercier, Widett, Slater & Goldman, Boston, Mass., for plaintiff.

M. Frederick Pritzker, Elizabeth A. Ritvo, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for defendant.

### MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiff Pahlavi filed this action against defendant Palandjian on February 18, 1983, alleging that defendant owed him $127,400 in connection with funds received by defendant from the redemption of stock held by plaintiff. In response to the Complaint, defendant asserted three counterclaims alleging that plaintiff owed him: (1) $100,-000 for construction work done; (2) $15,000 for the use of a private airplane and pilots; and (3) the fair value of a pair of cufflinks owned by defendant and allegedly converted by plaintiff. On February 6, 1984, this Court granted plaintiff's motion for summary judgment on the claim for $127,400. The only remaining claims are defendant's

three counterclaims; plaintiff has filed a motion for summary judgment on these.

■ Plaintiff makes two arguments in support of his motion. First, he asserts that because defendant has failed to establish a *prima facie* case on his first two counterclaims, plaintiff should prevail on these. Defendant need not, however, establish a *prima facie* case in order to withstand a motion for summary judgment. He must only demonstrate by substantial evidence the existence of a genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). Because defendant has demonstrated issues of material fact regarding the performance and value of the services described in his first two counterclaims, summary judgment is inappropriate.

Second, plaintiff argues that all three counterclaims are barred by the applicable statute of limitations.[1] The parties agree that the first two counterclaims are based on a theory of contract recovery; therefore, the applicable limitations period is six years. *See* Mass.Gen.Laws Ann. ch. 260, § 2A (West 1959). The third counterclaim alleges conversion, a tort, which has a two-year limitations period. *See* Mass.Gen. Laws Ann. ch. 260, § 2A (West 1959). Thus, since at least twelve years have elapsed between accrual and the filing of this action,[2] plaintiff asserts that the counterclaims are time-barred.

In response, defendant argues, first, that his counterclaims are compulsory and under Massachusetts law may be asserted without regard to the statute of limitations. *See* Mass.Gen.Laws Ann. ch. 260, § 36 (West Supp.1985). A compulsory counterclaim is one "arising out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). The phrase "transac-

---

1. Plaintiff also maintains that the counterclaims are barred by laches. The defense of laches is, in most cases, an issue of fact which may not be resolved on a motion for summary judgment. *See Tzitzon Realty Co., Inc. v. Mustonen,* 352 Mass. 648, 227 N.E.2d 493, 494 (1967).

2. The time limitation on a counterclaim is computed as if the counterclaim had been commenced at the time the plaintiff's action was commenced. Mass.Gen.Laws Ann. ch. 260, § 36 (West Supp.1985). Plaintiff filed this action on February 18, 1983.

tion or occurrence" has been given a broad interpretation and may include a series of occurrences, depending upon their "logical relationship." *See Moore v. New York Cotton Exchange*, 270 U.S. 593, 601, 610, 46 S.Ct. 367, 368, 371, 70 L.Ed. 750 (1926); *United Fruit Co. v. Standard Fruit and Steamship Co.*, 282 F.Supp. 338, 339 (D.Mass.1968). Defendant asserts that his counterclaims have this "logical relationship" to plaintiff's claim, because he alleges that he only agreed to send plaintiff a check for plaintiff's claimed amount in reliance upon plaintiff's agreement to pay defendant the amount plaintiff owed him.

■ Even under that broad standard and taking defendant's allegations to be fact, these counterclaims are not compulsory. No relevant connection exists between the events in Iran and Ireland in 1970, which gave rise to the counterclaims, and the events in 1979 concerning the redemption of plaintiff's stock, which gave rise to plaintiff's claim. Thus, Mass.Gen.Laws Ann. ch. 260, § 36 (West Supp.1985), exempting compulsory counterclaims from the statute of limitations, is not applicable in this case.

■ Second, defendant argues that the statute was tolled on his counterclaims while plaintiff was out of the jurisdiction of the Commonwealth, and that it did not begin to run until plaintiff subjected himself to jurisdiction by filing this action in February 1983. He cites Mass.Gen.Laws Ann. ch. 260, § 9 (West 1959), which provides: "If, when a cause of action accrues against a person, he resides out of the commonwealth, the action may be commenced within the time herein limited after he comes into the commonwealth...." Section 9 of the statute prevents potential defendants from avoiding liability by placing themselves beyond the reach of service of process, *Walsh v. Ogorzalek*, 372 Mass. 271, 361 N.E.2d 1247, 1250 (1977), but it is logically applicable only when jurisdiction over a dispute may lie in the courts of the Commonwealth. *Id.* (nonresident defendant defined as "a person who by reason of non-residence is beyond the jurisdiction and process of the court").

Defendant states that plaintiff was at all relevant times a resident of Iran or France. The events giving rise to the counterclaims are alleged to have occurred in Iran and Ireland and had no connection with the Commonwealth. Defendant has alleged no facts to show that jurisdiction over the counterclaims, had defendant brought them as claims against plaintiff, would have existed in the courts of the Commonwealth at any time prior to 1983. Therefore, plaintiff's absence from the Commonwealth is irrelevant, and the tolling provisions of Section 9 are not applicable in this instance.

■ Finally, defendant argues that the limitations period for all counterclaims was tolled by the duress defendant experienced because of "the power of the Iranian royal family and [his] fears for the safety of [his] family and property in Iran." [3] Defendant states by affidavit that these fears prevented him from taking legal action to enforce payment of his claims while plaintiff's family was still in power in Iran, and that in 1980 he believed that plaintiff's family might still return to power. The existence of duress is a factual matter. *See Ross v. United States*, 574 F.Supp. 536, 542 (S.D. N.Y.1983). Defendant's claim of duress has raised a sufficient issue of fact to withstand plaintiff's motion for summary judgment. The motion is therefore denied.

---

**3.** I note that while defendant does not make a strong showing of duress in any event, the tolling of the statute on the third counterclaim is particularly unlikely. The limitations period for conversion is two years; even if the statute were tolled until 1980, the statute had run prior to February 1983 when plaintiff filed this action.