Kelly, J.
By this appeal, plaintiff asserts that a motor vehicle tortfeasor who absents himself from the Commonwealth without leaving a forwarding address tolls the three year statute of limitation for tort actions.
Plaintiff Fahey was a passenger in a car driven by her fiancee defendant Koechlin (hereafter defendant) on April 26, 1982. There was an accident. Plaintiff alleges that the negligence of defendant caused her injuries.
Onthedate of the accident, April 26,1982,and untilMarch 1,1984 plaintiff and defendant resided together in Massachusetts. On March 1,1984, defendant left the Commonwealth without leaving a forwarding address with plaintiff.
In November, 1985, the plaintiff learned the defendant’s whereabouts. On December 18,1985, more than three years after the accident, plaintiff filed suit against the defendant and several other Massachusetts residents, Mary and David Ingram, and Boston Edison.
On March 13, 1986, the motion of the defendant to dismiss the complaint and for judgment on the pleadings was allowed. The plaintiff appeals. We affirm.
The question presented to the appellate division centers on whether the three year statute of limitations for tort actions, G. L. c. 260, §2A, bars the claim of plaintiff against defendant. In a nutshell the plaintiff bases her appeal on the premise that the statute of limitations was tolled from March 1,1984 — the day defendant left Massachusetts — until November 1, 1985 — the day plaintiff learned of the New York City address of defendant.
Plaintiff has the burden of proving an exception to the three year statute of limitations. Apparently, the plaintiff relies on G. L. c. 260, §9 for her argument that the statute of limitations was tolled for the period that the defendant was out of the Commonwealth and his address unkown.
Assuming as plaintiff contends that the defendant, who resided in the Commonwealth at the time of the accident, left the Commonwealth in March, 1984, he was still subject to suit, either under G. L. c. 90, sec. 3C or under the long-arm statute, G. L. c. 223A, §6. The practical difficulty that the plaintiff faced was that the defendant’s address was unknown to the plaintiff. Accordingly, plaintiff argues that service was meaningless under c. 90, sec. 3C since his last known address was her own address and defendant left no forwarding address with her.
The problem with this argument is that c. 90 is not an exclusive means of service. The proper course for the plaintiff to follow was to file the complaint *45 within the three year limitation period and make application to the court for a continuance and an order as to the form of notice of the action to be given to the defendant. Chapter 227, §7 provides such a procedure that could have been followed in such a case. The Long-arm statute provides a similar means of service. See G. L. c. 223A, §6(5).
In her affidavit, plaintiff asserts that defendant left no forwarding address when he left Massachusetts. The affidavit is notably silent as to what, if any, efforts were made by plaintiff to locate defendant. Despite this apparent lack of reasonable diligence, plaintiff seeks to toll the statute of limitations.
This is not a case where the plaintiff has proven that she did not know the name and location of the defendant, and that she had no reasonable way of ascertaining the same. Walsh v. Ogorzalek, 372 Mass. 271, 274-275 (1977). Rather, it appears to be a case where plaintiff slept on her rights for three years, taking no steps to file suit and serve the defendant within the statute of limitations, and she now seeks leave to proceed without regard to the prejudice to the defendant which would result from adopting her view. For example, rights of contribution which defendent might have against other defendants may have been extinguished by the lapse of the statute of limitations.[2]
Plaintiff twists the requirements of section 3C and argues in essence that the defendant has the burden of making himself available for service of process and if he fails to do so the statute of limitations should be tolled. To adopt plaintiffs stance would allow suit to be postponed indefinitely. This result was clearly not intended by the legislature.
Report dismissed.

 The fact that plaintiff has named others as defendants as well shows another means available for her to have preserved her rights against the defendent prior to the running of the 3-year limitations period. Plaintiff could have sued the other defendants and, when she learned the defendant’s whereabouts, amended her complaint to add him as a defendant. Such amendment would relate back to the filing of the complaint. See Mass. R. Civ. P., Rule 15(c).