RUPERT MILLER & another [1] *vs.* CITY OF BOSTON & another.[2] No. 87-940.
April 28, 1988. *Way,* Public: defect. *Notice. Time. Saturday. Practice,
Civil,* Appeal.

The plaintiffs appeal from a summary judgment entered in the Superior
Court pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974), and 54(b),
365 Mass. 821 (1974), dismissing their action against the city of Boston
(city). The plaintiffs sought to recover from the city for personal injuries
and property damage incurred when the motor vehicle in which they were
riding encountered a pothole. See G. L. c. 84, § 15. The city's motion for
summary judgment was made on the jurisdictional ground, see *Paddock* v.
*Brookline,* 347 Mass. 230, 231-232 (1964), that the plaintiffs failed to give
timely notice to the city pursuant to G. L. c. 84, §§ 18 and 19.

The facts are not in dispute. The claimed damages were sustained by
the plaintiffs on December 12, 1985. The thirty-day notice period prescribed
by G. L. c. 84, § 18, expired on January 11, 1986, a Saturday. On that
day, the plaintiffs mailed notices of claim to the mayor and to the city
clerk. See G. L. c. 84, § 19. The city's offices are closed on Saturday.
See Ordinances of the City of Boston c. 3, ord. 5, § 110. The notices were
received on Monday, January 13, 1986.

General Laws c. 4, § 9, provides in pertinent part: "Except as otherwise
provided, when the day or the last day for the performance of any act . . .
authorized or required by statute . . . falls on Sunday or a legal holiday,
the act may, unless it is *specifically authorized or required to be performed
on Sunday or on a legal holiday,* be performed on the next succeeding
business day" (emphasis supplied). General Laws c. 41, § 110A, provides
that when a city's (or town's) offices are closed on a Saturday, G. L. c. 4,
§ 9, applies to the same extent as if the Saturday were a legal holiday. In
this case, the last day for the giving of notice by the plaintiffs to the city
was a Saturday, and the notice received by the city on the next succeeding
business day, Monday, January 13, 1986, was thus timely. There is nothing
in G. L. c. 84, §§ 18 or 19, which otherwise provides or which specifically
authorizes or requires a contrary result. See *Selig* v. *McCarthy,* 281 Mass.
106, 107-108 (1932); *Smith* v. *Pasqualetto,* 246 F.2d 765, 768 (1st Cir.
1957).

We note that the case was argued and decided by the Superior Court
judge on the application of Mass.R.Civ.P. 6(a), 365 Mass. 747 (1974).
General Laws c. 4, § 9, was apparently not brought to the attention of the
judge. Its application has been fully briefed and argued before this court
and presents a question of law. The city makes no argument that we should
not address the issue. We have varied the usual rule and considered the
question in order to prevent possible injustice. See *D'Errico* v. *Assessors
of Woburn,* 384 Mass. 301, 305 n.7 (1981); *Smith* v. *Pasqualetto, supra*
at 767-768.

---

[1] Hilario Martinez.

[2] Boston Water and Sewer Commission.

Because the answer is plain under the provisions of G. L. c. 4, § 9, we do not reach the question of the applicability of Mass.R.Civ.P. 6(a), which provides in relevant part: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute or rule, . . . [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday." 365 Mass. 747. The judge concluded that rule 6(a) had application only with respect to the service of process, pleadings, motions and orders. There is division among the Federal courts as to the effect of the cognate Fed.R.Civ.P. 6(a) on the expiration of statutes of limitation. See 2 Moore's Federal Practice par. 6.06(2) (2d ed. 1987); 4A Wright & Miller, Federal Practice and Procedure § 1163 (2d ed. 1987). See also Smith & Zobel, Rules Practice § 6.1 at 157 (1974).

*Judgment reversed.*

*Elizabeth A. DiLoreto* for the plaintiffs.

*Kathleen M. Fitzgerald,* Assistant Corporation Counsel, for the city of Boston.