Cratsley, J.
Defendant, Linden Properties Inc., moves for judgment on the pleadings or in the alternative summary judgment pursuant to Mass.R.Civ.P. 12(c) and Mass.R.Civ.P. 56 on counts I, II, and III. Plaintiff, Florence E. Logan, opposes defendant’s motion and cross-moves for summary judgment in her favor.
This motion arises out of a dispute regarding disbursement of deposit funds in connection with a purchase and sale agreement for land and a building located in Weymouth, Massachusetts.
Defendant and plaintiff both contend that they are entitled to the deposit. For the reasons set forth below, the plaintiffs motion is DENIED, and the defendant’s motion is ALLOWED.
BACKGROUND
The undisputed material facts as established by the Affidavits ofWilliam B. Kaplan, and Lewis L. Whitman, and the Purchase and Sale Agreement[2] (the “agreement”) are as follows:
On August 26, 1999 the defendant Linden entered into a Purchase and Sale Agreement with the plaintiff Logan for her sale to them of land and a building in Weymouth, Massachusetts. The agreement contained a due diligence period for the defendant buyer to inspect, investigate and review the property. The agreement further provided that if the investigations were not satisfactory to the defendant, the defendant could elect to terminate the agreement. Upon such an election, the defendant would be entitled to a return of its $75,000 deposit including accumulated interest.
To effectively terminate the agreement, the defendant was required to give notice of its decision to the plaintiff on or before 5:00pm on October 10, 1999 (see Exhibit A attached to plaintiffs complaint).
That date fell on a Sunday, and Monday, October 11th was a legal holiday. On Tuesday, October 12, 1999 the defendant sent notice to the plaintiff of its desire to extend the due diligence period (see Exhibit A attached to plaintiffs Memorandum in Opposition to Defendant’s Motion for Summary Judgment). The plaintiff did not respond. At 5:08 on October 12, 1999, the defendant sent a subsequent notice to the plaintiff by way of facsimile transmission and letter, requesting that they either agree to extend the due diligence period or the letter would serve to terminate the agreement and defendant would demand the return of the deposit (see Exhibits B and C attached to plaintiffs Memorandum in Opposition to Defendant’s Motion for Summary Judgment).
DISCUSSION
Summary judgment[3] is appropriate when no material facts are in dispute and the moving party is entitled to a judgment as a matter of law. Mass.R.Civ.P. 56 (c); Highlands Ins. Co. v. Aerovox, 424 Mass. 226, 232 (1997). A moving party which does not bear the burden of proof at trial is entitled to summary judgment if it submits affirmative evidence, unmet by countervailing materials, that either negates an essential element of the nonmoving party’s case or demonstrates that the nonmoving party has no reasonable expectation of proving an essential element of its case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Time for Performance of Acts Performable on Sunday or Holiday, G.L.c. 4, §9
General Laws c. 4, §9 provides that “when the day or the last day for the performance of any act, including the making of any payment or tender of payment, authorized or required by statute or by contract, falls on Sunday or a legal holiday, the act may, unless it is specifically authorized or required to be performed on Sunday or on a legal holiday, be performed on the next succeeding business day.” G.L.c. 4, §9.
Cases interpreting this statute have held that unless a contract specifically names a Sunday as the last date for performance, performance is acceptable on the next succeeding business day. See Miller v. City of Boston, 25 Mass.App.Ct. 997 (1988) (holding that where a thirty-day notice period expired on a Saturday, notice tendered on the succeeding Monday was timely); Selig v. McCarthy, 281 Mass. 106 (1932) (holding that where rent was to be paid “on the first day of each month” where the first day fell on a Sunday, payment and notice to terminate lease by tenant on the next succeeding Monday was timely); Smith v. Pasqualetto, 246 F.2d 765 (1st Cir. 1957) (holding that where a statute required any tort action for bodily injuries to be commenced within one year, and the last day for commencement of the action fell on a Sunday, it was appropriate to extend the expiration date to the next succeeding Monday).
The defendant contends that the October 12, 1999 letter sent to the plaintiff notifying it of the defendant’s election to terminate the agreement is timely according to this statute because the earlier document setting the last date for performance as October 10, 1999 *478 is not “specifically authorizing or requiring” the act be performed on a Sunday. The defendant further contends that the plaintiff breached the contract by refusing to return the deposit after receipt of the notice of termination. In support of its contentions, defendant relies on the discussion in M. DeMatteo Construction Co. v. Daggett, 341 Mass. 252 (1960), where the high court noted that an agreement requiring performance not to be sought prior to “July 7[,] [s]ince July 7 was a Sunday, this meant not before July 8. See G.L.c. 4, §9.” DeMatteo, 341 Mass. at 258.
The plaintiff asserts that the October 12th letter does not serve as a timely termination of the agreement, as the due diligence period expired on October 10, 1999 at 5:00 and the defendant breached the contract by terminating the agreement two days and eight minutes later.[4] Plaintiff maintains that the inclusion in the contract of the specific date of October 10, 1999 in effect specifically authorized and required performance to be rendered on a Sunday and defendant can not avail itself of the statute to extend the deadline. The plain tiff relies solely on its interpretation of G.L.c. 4, §9 in support of its argument.
G.L.c. 4, §9, and the applicable case law, supports this Court’s finding that where the last day for performance by the defendant, as set forth in a written document, fell on a date that turns out to be a Sunday, and the next succeeding business day was a Tuesday, termination of the contract by the defendant on Tuesday was timely.
The statute gives relief for “any act” authorized or required by “statute or contract” which falls without specification of the word “Sunday” on a date turning out to be a Sunday or legal holiday. This is precisely what occurred here by the text of a contractual type document which did not use the words “Sunday or legal holiday.” The defendant is therefore entitled to return of its deposit plus interest according to the terms of the agreement.
ORDER
Based on the foregoing, it is ORDERED that the defendant’s motion for summary judgment is ALLOWED and the plaintiffs cross-motion for summary judgment is DENIED.

The plaintiff and the defendant both agree that the terms in the Purchase and Sale Agreement are accurate.

Pursuant to Mass.R.Civ.P. 12(c) this motion will be treated as a motion for summary judgment under Mass.R.Civ.P. 56 as both parties have submitted materials beyond the pleadings.

At oral argument on these cross motions, the plaintiff conceded that the eight minute time difference on the October 12th facsimile was de minimus. Thus, they do not press the issue of late arrival on the Tuesday following the Sunday and the Holiday; assuming court finds, as it does, that performance was excused until the next succeeding business day.