JAMES F. MAHONEY *vs.* DeMATTEO-FLATIRON LLP. No. 05-P-459. April 6, 2006. *Limitations, Statute of. Waiver.*

The plaintiff was injured on June 5, 2001. On Monday, June 7, 2004, he filed a complaint alleging that his injuries were caused by the defendant's negligence. The defendant moved to dismiss the complaint on the ground that

---

[3]We need not discuss the other issues raised by the defendant.

it was barred by the three-year statute of limitations established under G. L. c. 260, § 2A. A judge of the Superior Court allowed the motion, rejecting the plaintiff's contentions that (i) the limitation period did not begin to run until the day following his injuries, (ii) the three-year limitation period accordingly ran until June 6, 2004, and (iii) since June 6, 2004, was a Sunday, the limitation period was extended by operation of G. L. c. 4, § 9. In his notation allowing the defendant's motion, the judge correctly treated the limitation period as expiring on Saturday, June 5, 2004, and he observed that "[t]he Sunday Rule does not apply to Saturday." In a timely motion for reconsideration, the plaintiff again pressed his incorrect assertion that the limitation period did not expire until June 6, 2004. See *Pierce* v. *Tiernan*, 280 Mass. 180, 181-182 (1932) (last day of statute of limitations period is anniversary of date cause of action accrued). However, following the denial of his motion for reconsideration, the plaintiff filed a second timely motion for reconsideration, this time alerting the judge to the provisions of G. L. c. 220, § 6. That statute provides, in pertinent part, that "[t]he provisions of section nine of chapter four shall apply in the case of the closing of a court on any Saturday to the same extent as if such Saturday were a legal holiday." G. L. c. 220, § 6, as amended by St. 1980, c. 330. The judge denied the motion, and the plaintiff appealed.

Under G. L. c. 4, § 9, "when the day or the last day for the performance of any act, including the making of any payment or tender of payment, authorized or required by statute or by contract, falls on Sunday or a legal holiday, the act may, unless it is specifically authorized or required to be performed on Sunday or on a legal holiday, be performed on the next succeeding business day." Under G. L. c. 260, § 2A, as amended through St. 1973, c. 777, § 1, "actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues." By simple and direct application of the two statutes read together, when the last day for commencement of an action of tort falls on a Sunday or legal holiday, the action may be commenced on the next succeeding business day. That, in fact, was the conclusion of the United States Court of Appeals for the First Circuit, applying Massachusetts law, in *Smith* v. *Pasqualetto*, 246 F.2d 765, 768-769 (1st Cir. 1957). Adding G. L. c. 220, § 6, to the mix treats any Saturday on which court is closed as a legal holiday for such purposes, rendering the plaintiff's complaint timely.

The defendant protests that the plaintiff's failure to cite G. L. c. 220, § 6, in support of his cause until his second motion for reconsideration operated to waive his entitlement to its benefits. A similar claim was rejected in *Smith* v. *Pasqualetto, supra* at 767-768. Indeed, the present case furnishes less basis for waiver than in *Smith*, since the plaintiff here relied on the "Sunday Statute" (if inartfully) in opposing the defendant's motion to dismiss.[1] As we have explained, the Sunday Statute, G. L. c. 4, § 9, properly construed in conjunction with G. L. c. 220, § 6, extends the limitation period from Saturday to the next following business day in circumstances such as those in the present case, and the plaintiff's failure in the first (or second) instance to marshal all available authority in support of that argument does not waive the central effect of his contention.

---

[1]By contrast, the plaintiff in *Smith* did not mention the Sunday Statute until his appeal. *Smith* v. *Pasqualetto*, 246 F.2d at 767-768.

The judgment dismissing the complaint is reversed, and the matter is remanded to the Superior Court for further proceedings.[2]

*So ordered.*

*James E. Small, Jr.,* for the plaintiff.
*Ryan M. DiSantis* for the defendant.


---

[2] The plaintiff's request for an award of appellate attorney's fees is denied.

