NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-949

GLORIA SHARYON BROWN

vs.

VERO HEALTHCARE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Gloria Sharyon Brown, appeals from a Superior Court judgment dismissing her complaint against the defendant, Vero Healthcare.[1]  Although we sympathize with the plaintiff's loss of her husband, we are constrained to affirm the dismissal.

We accept the plaintiff's allegations as true for the purpose of reviewing the allowance of the defendant's motion to

---

[1] The amended complaint named Vero Health and Rehab of Mattapan as the defendant.  In addition, the original summons and complaint were served upon "Vero Health and Rehab of Mattapan" in hand to the registered agent of Vero Health II, LLC, which does business as "Vero Health & Rehab of Mattapan."  Because the result we reach does not turn on the identity of the defendant or the plaintiff's status as the decedent's personal representative, and would be the same whether the operative complaint is the original or the proposed amended complaint, we deny the defendant's motion to strike the amended complaint from the record appendix.

dismiss. See Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). According to the plaintiff's complaint, between December 31, 2016, and January 7, 2017, her husband, George Brown, "received substandard medical care and lacked, because of under staffing, assistance at the time of his death and this lack of care aided in his death due also to negligence." As set forth more fully in the plaintiff's proposed first amended complaint, the plaintiff's husband, a patient at the defendant's skilled nursing facility, died at the facility on January 7, 2017, because the defendant's "servants, agents and/or employees . . . negligently cared for and treated the Plaintiff's decedent, George Brown, by failing to observe, monitor and provide the required standard of care and by failing to respond appropriately to the rapid decrease of blood pressure, pulse, and oxygen rates."

The plaintiff filed her complaint on February 10, 2020. The defendant moved to dismiss the complaint, arguing, among other things, that the complaint was filed beyond the three-year statute of limitations for malpractice claims. See G. L. c. 260, § 4. We need not belabor the complex procedural history of the case. For the purposes of this appeal, it is enough to state that the plaintiff opposed the motion to dismiss, arguing that she did not learn the cause of her husband's death until February 2017, when she received copies of his medical records

2

and notes from the defendant.  Accordingly, she argued, by operation of the discovery rule, her complaint was within the applicable statutes of limitations.  More specifically, in her memorandum in support of her motion for leave to file a late opposition to the defendant's motion to dismiss, the plaintiff stated that she received the records on February 7, 2017; that by her calculation, the three-year limitations period elapsed on February 8, 2020; and that because February 8 was a Saturday, her complaint, filed on Monday, February 10, 2020, was timely. The motion judge concluded (without addressing the applicability of the discovery rule) that whether construed as claiming negligence, medical malpractice, or wrongful death, the complaint was beyond the three-year statute of limitations period.

Although judges must "provide a self-represented party with a meaningful opportunity to present her case by guiding the proceedings in a neutral but engaged way," CMJ Mgt. Co. v. Wilkerson, 91 Mass. App. Ct. 276, 283 (2017), and "some leniency is appropriate" for self-represented litigants, Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985), they are bound by the statutes and rules of procedure like any other litigant. Assuming without deciding that the discovery rule applies,[2] and

---

[2] Medical malpractice claims accrue when the plaintiff "(1) knew or had sufficient notice that she was harmed; and (2) knew or

3

accepting the plaintiff's representations that her cause of action did not accrue until February 7, 2017, but see <u>Cannonball Fund, Ltd</u>. v. <u>Dutchess Capital Mgt., LLC</u>, 84 Mass. App. Ct. 75, 90 (2013) (in opposing motion to dismiss based on statute of limitations, plaintiff must present competent materials supporting entitlement to relief), her complaint was late.

The last day of the statute of limitations period is the anniversary of the date the cause of action accrued. See <u>Mahoney</u> v. <u>DeMatteo-Flatiron LLP</u>, 66 Mass. App. Ct. 903, 904 (2006). Under any statute applicable here, the plaintiff's action was required to be brought "within" three years. G. L. c. 229, § 2 (wrongful death actions must be brought "within three years from the date when the deceased's executor or administrator knew, or in the exercise of reasonable diligence, should have known of the factual basis for a cause of action"); G. L. c. 260, § 2A (tort claims "shall be commenced only within three years next after the cause of action accrues"); G. L. c. 260, § 4 (medical malpractice actions "shall be commenced

_____

had sufficient notice of the cause of the harm." <u>Lindsay</u> v. <u>Romano</u>, 427 Mass. 771, 774 (1998), quoting <u>McGuinness</u> v. <u>Cotter</u>, 412 Mass. 617, 627 (1992). "In determining whether a party has sufficient notice of causation, our inquiry is whether, based on the information available to the plaintiff, a reasonably prudent person in the plaintiff's position should have discovered the cause of his or her injuries." <u>McGuinness</u>, <u>supra</u> at 628. The mere fact that the plaintiff's husband died at a skilled nursing facility may not have reasonably alerted her to the defendant's (alleged) role in causing his death.

4

only within three years after the cause of action accrues"). Thus, where a plaintiff was injured on June 5, 2001, the three-year limitations period for his negligence action expired on June 5, 2004.  See Mahoney, supra at 903-904.[3]

Even if the day of the relevant act or event is not counted, cf. Mass. R. Civ. P. 6 (a), 365 Mass. 747 (1974), February 8, 2020, is not within three years of February 7, 2017. To illustrate, if a paper is required to be filed within thirty days of November 1, 2022, it would be due on December 1, 2022. November 1 would not be counted, day one would be November 2, day two would be November 3, and so on.  Day twenty-nine would be November 30, and day thirty would be December 1.  Because the limitations period for the plaintiff's claims expired at the latest on February 7, 2020, a Friday, she was required to file her complaint on or before that date.

Although the complaint was only one day late, one day late is too late.  The plaintiff had three years to file her complaint and failed to do so.  Because the plaintiff's claims are barred by the statute of limitations, we need not address

---

[3] Because June 5 was a Saturday, his complaint was timely filed on the next business day, Monday, June 7.  See Mahoney, 66 Mass. App. Ct. at 904.

5

the judge's other reasons for dismissing the complaint.

                                    Judgment affirmed.

                                    By the Court (Massing,
                                      Sacks & Walsh, JJ.[4]),

                                    *Joseph F. Stanton*

                                    Clerk


Entered:  May 25, 2023.

---

[4] The panelists are listed in order of seniority.